Judge Napton
delivered the opinion of the court»
This was an action of detinue brought by the plaintiff to recover the possession of a slave. The plaintiff had permitted his son to take possession of the slave, as a loan, and this possession by the son had continued for more than five years, without any demand being made, and without the execution of any instrument of writing. Under these circumstances the son sold the slave to one T. B. English, who again sold her to the defendant; but both defendant and English, at the time of their respective purchases, were acquainted with the true state of the title. These facts appearing upon the trial, the court was of opinion that the title of the defendant was good, notwithstanding his *380 knowledge of the fact that the slave was put into possession of the son by the father, not as a gift, but as a loan, and so instructed the jury. The defendant had a verdict and judgment.
The only question is, whether under the 5th section of our statute of fraud a purchaser is precluded from the benefit of its provisions by having notice of the loan. The statute contains no express provision in relation to notice. It declares that the absolute property shall be taken to be with the possession, so far as creditors and purchasers are concerned, where the loan has continued for more than five years, unless it has been evidenced by writing. The case is then without the letter of the law, and although no false credit is obtained where the loan is notorious, yet it is obviously the policy of the act to prevent perjury as well as fraud, and with this view to exclude all questions of notice. The object of notice could not have escaped the observation of the Legislature, as it is provided for in other sections of the same statute, and we can only infer from its omission in this section, that the loan is to be regarded as a pretended one, whever it has continued beyond the period fixed and without the formalities prescribed, whether the creditor or purchaser has knowledge of the circumstances or not. The question of notice is an embarrassing one, at least, and the policy of so qualifying the statute in any case, is questionable. It would seem to be, therefore, entirely beyond the scope of judicial construction to modify the statute by its insertion in this provision, however expedient such modification might be thought.
The other judges concurring, the judgment is affirmed.