Coover v. Johnson.

COOVER, *Appellant*, v. JOHNSON.

1. **Conditional Sale of Personal Property** : STATUTE. The vendor of personal property may contract with his vendee that the title shall remain in the former until the purchase price is paid, and such contract will be valid as against creditors of the vendee or purchasers from him with notice of the contract, although such condition was not evidenced by writing, executed and acknowledged by the vendee and recorded, as required by statute. R. S., secs. 2505, 2507.

2. **Signification of Terms.** "Without notice" and "in good faith" are equivalent terms.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*W. D. Hubbard* and *J. P. McCammon* for appellant.

(1) There was a delivery of the scales to the vendee. 1 Pars. on Cont. (6 Ed.) bottom page 638, side page, 603;

2 Kent's Com. (4 Ed.) top pages 498, 499, side pages 499, 500, 544-5 ; *Williams v. Gray*, 39 Mo., side page 201, and authorities cited; *Comstock v. Affoelter*, 50 Mo. 411 ; *State to use of Gates v. Fitzpatrick*, 64 Mo. 185. (2) The declarations of law asked by interpleaders and given, as well as those asked by plaintiff and refused by the court, show that the case was decided on the theory, that, as Johnson's debt to plaintiff was an antecedent debt, contracted before the scales were bought by Johnson, therefore, plaintiff could not hold the scales against interpleaders. But one who takes personal property in payment of an antecedent debt is a *bona fide* purchaser for value. *Hess et al. v. Clark et al.*, 11 Mo. App. 492; *Lee v. Kimball*, 45 Me. 172 ; *Greene v. Kennedy*, 6 Mo. App. 577; *Butters v. Haughwout*, 42 Ill. 18, and cases there cited. (3) An unrecorded deed will not be valid as against creditors, even if known to them, when it would be valid as to a subsequent purchaser if known to him. 3 Washburn on Real Prop. (4 Ed.) 323 ; *Washington v. Trousdale*, Mart & Y. 385, 391 ; *Lillard v. Rucker*, 9 Yerg. 64, 73 ; *Edwards v. Brinker*, Dana, 9 ; *Ring v. Gray*, 6 B. Mon. 368, 374; *Guerrant v. Anderson*, 4 Rand. 208. (4) The contract between interpleaders and defendant Johnson having been neither acknowledged nor recorded, and the possession of the scales having been delivered to Johnson, the sale to him was subject to no conditions, whatever, as against Coover, a creditor of Johnson. Interpleaders, when they had it wholly in their power to secure themselves, by their own negligence and laches, forfeited all rights to the scale as against attaching creditors. R. S., secs. 2505, 2507.

*John O'Day* for respondent.

(1) A sale and delivery of goods, on condition that the title to the property is not vested until the purchase

money is paid or secured, does not pass the title to the vendee until the condition is performed and the vendor, in case the condition is not fulfilled, has the right to repossess himself of the goods both as against the vendee and his creditors. *Ridgway v. Kennedy*, 52 Mo. 24; *Little v. Page*, 44 Mo. 412; *Griffin v. Pugh*, 44 Mo. 326; *Parmlee v. Catherwood*, 36 Mo. 476; *Robbins v. Phillips*, 68 Mo. 100; *Wangler v. Franklin*, 70 Mo. 659. "No sale of goods is complete in the vendee, nor is he entitled to an immediate right of property, so long as anything remains to be done by the vendee." *Hening v. Powell et al.*, 33 Mo. 474; *Bass v. Walsh*, 39 Mo. 192; *Freight Co. v. Stanard*, 39 Mo. 71. There is no disputed question of fact in this case. Plaintiff admits that the debt on which he sued Johnson and attached the material for the scale, was contracted and due years before the conditional contract of sale made between Johnson and respondent; also that he knew at the time the agreement was made that Johnson paid no part of the purchase money, and that the title was to remain in Fairbanks & Company until the scale was paid for. Appellant is not a subsequent creditor, within the meaning of the term as used in the statute, which provides that conditional sales of personal property shall be void as to subsequent purchasers (in good faith) and creditors, unless the conditions be evidenced by writing and acknowledged and recorded, as in case of mortgages.

SHERWOOD, J.—Johnson bought a pair of scales of Fairbanks & Company. The sale was a conditional one, the title being retained in the vendors until the property should be fully paid for. Johnson, after the scales were shipped to him at the town of Republic, paid the freight, receipted for them, asked and received permission of the station agent for them to remain in the freight house at Johnson's risk. This permission was shortly thereafter extended on the same terms, the sta-

tion agent agreeing to ship the scales to Johnson in the state of Kansas, to which state Johnson soon afterwards went, not having paid any portion of the purchase money. Coover is a creditor of Johnson's of some years standing, a portion of the indebtedness having accrued as far back as 1878, and all of it prior to the time Johnson bought the scales. The note in suit is dated January 23, 1882, due one day after date, and matured the day Johnson made his exit. Coover kept store in Republic; was well acquainted with Johnson, who, at one time, had done business for him; knew of his intended departure two or three days before it occurred, and prior to suit brought, was thoroughly conversant with the terms of the contract of sale made between Fairbanks & Company and Johnson.

Coover having brought suit against Johnson and attached the scales referred to, Fairbanks & Company interpleaded, claiming them as their property, and on trial had of their interplea, the foregoing facts were elicited. On those facts the court, at the instance of the interpleaders, declared the law as follows:

"That if you believe from the evidence that Johnson was indebted to Coover for the debt sued on in this suit, at the time he executed the contract of purchase with Fairbanks & Company for the scales, and that Johnson left the country and failed to carry out his contract with Fairbanks & Company, and you further believe that Coover knew the terms and conditions upon which Johnson purchased said scales, and, with that knowledge, attached the scales in controversy as the property of Johnson on said debt due from Johnson to him (Coover), then the judgment should be for the interpleaders, Fairbanks & Company."

But the court, though requested by plaintiff so to do, refused to declare the law that:

"1. The condition in the contract of sale in

evidence, that Fairbanks & Company do not relinquish their title to the scales and its attachments in question until said property in question is paid for, is null and void as to creditors of defendant Johnson, said contract not having been acknowledged and recorded as in case of mortgaged personal property ; and if the evidence proves that defendant Johnson owed the plaintiff, Coover, the note here sued on, when this suit of Coover's was commenced, and that the scale and its attachments were shipped by interpleaders from St. Louis to Republic, Mo., on the railroad, to defendant Johnson, and at Republic delivered by the railroad company to Johnson, and plaintiff Coover afterward had said property attached in this suit, then interpleaders cannot recover it in this proceeding." Other declarations of law were given, and others refused, but those just copied present and contain the kernel of this cause.

It has frequently been decided in this state that the seller of personal property might, by contract with the buyer, reserve the title of such property in himself until payment was made, and that such reservation would be valid even as against a *bona fide* purchaser. *Wangler v. Franklin*, 70 Mo. 659 , *Robbins v. Phillips*, 68 Mo. 100, and cases cited ; *Sumner v. Cottey*, 71 Mo. 121. But those adjudications were made in cases which arose prior to the statutory provisions to which plaintiff's counsel have called our attention. Section 2505, Revised Statutes, 1879, contains an amendment of, or clause additional to, section 10, General Statutes, 1865, chapter 107, enacted in 1877, in these words : " And no sale of goods and chattels, where possession is delivered to the vendee, shall be subject to any condition, whatever, as against creditors of the vendee, or subsequent purchasers from such vendee in good faith, unless such condition shall be evidenced by writing, executed and acknowledged by the vendee, and recorded as now provided in cases of mortgages of personal property." Section 2507, Revised

Statutes, 1879, is an original section enacted for the first time in 1877, and contains similar prohibitory provisions, declaring that "such condition in regard to the title so remaining, shall be void as to all subsequent purchasers in good faith, and creditors, unless," etc.   It cannot be doubted that the legislature, by these sections, intended to make a radical change in the law relating to conditional sales of personal property, and to prevent secret and unrecorded transactions and contracts of sale from being used to the detriment of unsuspecting creditors of, or purchasers from, the vendee of personal property apparently the owner thereof.  This I regard as the whole object, purpose and scope of the law, as it now stands. Here, so far as the attaching creditor was concerned, there was in fact no secret lien, no hidden trust, no false appearance, no concealed ownership ; nothing, in short, to induce him to alter his condition, incur needless litigation or expense, or which could in any manner operate to his prejudice.

There is a wide divergence in judicial opinions as to the legal effect which should be given to conditional sales of chattels, when by the terms of the contract of sale there is a reservation of title in the vendor ; but, except where controlled by statutory regulation, all the authorities concur in holding the condition binding as between the parties.   And even those authorities which, uncontrolled by statute, hold that title will pass to a *bona fide* purchaser, deny this result where the purchaser has notice. *Stadtfield v. Huntsman*, 24 Alb. L. J. 185 ; 1 Benj. on Sales, sec. 425. In Illinois, by statutory provision, all such agreements are treated as chattel mortgages, and void, as to third persons, if not recorded in like manner as such instruments.   The statute of that state makes no exception in favor of any person, whatsoever.   Notwithstanding this, in a somewhat recent case in that state, special stress was laid on the fact that the creditor was *bona fide*, having no reason but to rely on the apparent ownership of

the property by his debtor ; and it was there ruled that in this regard a purchaser without notice and a *bona fide* creditor stand on the same footing of equal protection. *Van Duzor v. Allen*, 90 Ill. 499. In respect to a similar statute in our own state, section 2503, Revised Statutes, 1879, in relation to mortgages of personal property, and requiring them to be recorded, in order to their validity against third persons, no exception having been made in favor of any one, it has been several times ruled that even if a purchaser had *actual knowledge* of the mortgage, he would, nevertheless, obtain a good title. *Bryson v. Penix*, 18 Mo. 13 ; *Bevans v. Bolton*, 31 Mo. 437. And, in regard to section 2500, Revised Statutes, 1879, touching loans of personal property, and making their registry requisite, so as to be valid against creditors and purchasers, but containing no exception, a like ruling has been made. *Cook v. Clippard*, 12 Mo. 379.

If it be presumed that the legislature was not ignorant of the rulings in the cases just cited, and taking this for granted, it must be apparent that when they inserted the words "as against creditors of the vendee or subsequent purchasers from said vendee in good faith," in section 2505, and similar words in section 2507, their design was to prevent actual knowledge in a purchaser or creditor from being held in less esteem than constructive notice, as imparted by the record. The sections in question are somewhat awkwardly worded, but I am persuaded that the expression *bona fide* applies as well to creditors as to subsequent purchasers. Indeed, no reason can be discovered why the one class should receive greater legislative favors than the other. Such statutes as the sections under discussion, have of late years been enacted in many of the states, as, for instance, in Vermont, where the statute provides that : "No lien reserved on property sold conditionally and passing into the hands of the conditional purchaser, shall be valid against attaching creditors or subsequent purchasers

without notice, unless," etc. And upon this statute it was ruled that as the contract of sale was not placed on record, the property sold "was open to attachment, as the property of the conditional vendee, unless the plaintiff could show that the attaching creditor *had notice of the conditional sale. Whitcomb v. Woodsworth*, 54 Vt. 544. A decision of like effect, on similar statutory provisions, has been made in Iowa. *Singer Sewing Machine Co. v. Holcomb*, 40 Iowa, 33.

The language of the statutes just cited, "attaching creditors or subsequent purchasers without notice," is not essentially different in point of legal effect from the phraseology employed in our own law. "*Without notice*" and "*in good faith*" are equivalent terms. *Lee v. Bowman*, 55 Mo. 400.

Holding these views, the judgment should be affirmed. All concur.