PERRY H. COLLINS, Respondent, v. J. W. WILHOIT *et al.*, Appellants.

Kansas City Court of Appeals, April 15, 1889.

1. **Construction of Statute : RULE AS TO.** It is an established rule of construction, that where words and phrases, the meaning of which in a statute has been ascertained, are, when used in a subsequent statute, to be understood in the same sense ; and where the terms of a statute, which has received judicial construction, are used in a later, whether passed by the legislature of the same state or county, or by that of another, that construction is to be given to the later statute.

2. **Fraudulent Conveyances: "CREDITORS" IN THE 1877 AMENDMENT OF SECTION 2505 MEANS BOTH PRIOR AND SUBSEQUENT.** As section 2505, Revised Statutes, stood prior to the 1877 enactment, which became a part of said section in the revision of 1879, the term creditors has been repeatedly construed by the supreme court to embrace both prior and subsequent creditors, it is *held*, applying the above rule, that said term in said later enactment must be construed to include prior as well as subsequent creditors and it is error to refuse an instruction to that effect.

3. **Certification of Case to the Supreme Court.** As several opinions of the courts of appeals have held said enactment applicable only to subsequent creditors, and since such ruling the supreme court in *Coover v. Johnson*, 86 Mo. 533, have ruled that the statute applies to prior creditors as well, and since such ruling the St. Louis court of appeals have, in *State to the use of Nelson, etc., v. Green Tree Brewery*, 32 Mo. 276, without having its attention drawn thereto, reiterated the rule formerly announced, and as the question is a constantly recurring one, this cause is transferred to the supreme court for final adjudication.

*Appeal from the Clinton Circuit Court.*—HON. J. M. SANDUSKY, Judge.

*Certified to the Supreme Court.*

A. D. *Burnes* and *James* W. *Coburn,* for appellants.

(1) The condition in the sale that the hogs were to remain the property of the vendor, Collins, until paid for by the vendee, McComas, was void, it not being in writing, executed, acknowledged or recorded as provided in cases of mortgages of personal property. R. S. 1879, sec. 2505 ( second clause ); *Coover v. Johnson,* 86 Mo. 533. In the above case the debt was prior to the sale. See respondent's brief therein. (2) The term " creditors " in the first clause of section 2505 has been construed to mean " prior," as well as " subsequent " creditors. *Bilby v. Bartman,* 29 Mo. App. 139 ; *Harmon v. Morris,* 28 Mo. App. 329 ; *Knoop ex rel. v. Distilling Co.,* 26 Mo. App. 315 ; *Crane v. Timberlake,* 81 Mo. 431 ; *Stewart v. Nelson,* 79 Mo. 522 ; *Stewart v. Nelson,* 79 Mo. 524 ; *Mills v. Thompson,* 72 Mo. 367 ; *Stern v. Henley,* 68 Mo. 262 ; *Wright v. McCormick,* 67 Mo. 426 ; *Burgert v. Borchert,* 59 Mo. 80 ; *Bishop v. McConnell,* 56 Mo. 158 ; *Lesem v. Herriford,* 44 Mo. 323 ; *Clafflin v. Rosenburg,* 42 Mo. 439 ; *State to use v. Rosenfield,* 35 Mo. 472 ; *State to use v. Smith,* 31 Mo. 566 ; *Kuykendall v. McDonald,* 15 Mo. 416. (3) " Words and phrases, the meaning of which, in a statute, has been ascertained, are, when used in a subsequent statute, to be understood in the same sense." Potter's Dwarris on Stat. ( 1885 Ed.) p. 274 ; Bacon's Abridg. Title • Stat. 1 ; *Commonwealth v. Hartwell,* 3 Gray ( Mass.) 450 ; *Buchnaboye v. Mottichmed,* 32 Eng. L. and Eq. 84 ; *Bogardus v. Church,* 4 Sand. Chan. 633 ;

*Riggs v. Wilton,* 13 Ill. 15 ; *Adams v. Field,* 21 Vt. 256. So, the word "creditors" in the second cause of section 2505 should be construed "prior," as well as "subsequent" creditors, as it had been construed in the first clause of said section, before the enactment in 1877 of the second clause.

*John W. Coots,* for respondent.

(1) The conditions in the sale of the hogs to McComas, by Collins, were not void as to Kindred, because he was not a subsequent creditor or subsequent purchaser of McComas nor was he a prior creditor of Collins. R. S., secs. 2505, 2507 ; *Machine Works v. Trisler,* 21 Mo. App. 69 ; *Tufts v. Thompson,* 22 Mo. App. 564 ; *Knoop ex rel. v. Distilling Co.,* 26 Mo. App. 303. And there was no error in the court's refusal to give the first instruction asked by defendants. (2) The point raised in the second paragraph of appellant's brief, and the authorities therein cited, are wholly irrelevant to the issues involved in the case at bar. The first clause of section 2505, Revised Statutes, is not involved in the facts or issues of this case. Neither Kindred nor Waller is a creditor of, or purchaser from, Collins. The first clause of this section was intended only as a protection to prior creditors and subsequent purchasers in good faith of the vendor, where there has been no change of possession after a prior sale. This case rests upon the second clause of section 2505, which was intended to protect subsequent creditors and subsequent purchasers in good faith, of the vendee, and Waller, the only subsequent creditor or purchaser of McComas, is not a party or complainant in this case. *Machine Works v. Trisler,* 21 Mo. App. 69 ; *Tufts v. Thompson,* 22 Mo. App. 564 ; *Knoop ex rel. v. Distilling Co.,* 26 Mo. App. 303. (3) The position taken by

appellant as to the construction of the word "creditors," in the third paragraph of his brief, is not well taken. The first clause of section 2505 relates to a subject quite distinct from the second clause. The second clause is a recording act, and by its terms makes conditional sales followed by possession delivered to the vendee, void, as against subsequent creditors (not prior) of the vendee, and subsequent purchasers in good faith, unless such conditional sale shall be evidenced by writing executed and acknowledged by the vendee and recorded.

ELLISON, J.—This action is replevin. Defendant, Wilhoit, is the constable who levied on the property. McComas is made a party defendant for the alleged reason that he was in possession of the property as agent of the constable. McComas was the judgment debtor of one Kindred. After becoming such debtor, plaintiff sold and delivered to him several head of hogs, on condition that they remain his, plaintiff's, property till paid for. Kindred, without knowledge of such condition, had an execution levied on the hogs as the property of his debtor, McComas, and plaintiff brings this action claiming the hogs as his property.

The court refused the following declaration of law asked by defendant:

"That if Collins sold the hogs in controversy to McComas, and delivered the possession of them to McComas, and at said sale it was agreed between them that the hogs were to be the property of the vendor, Collins, until paid for, then said sale is void as against the creditor of the vendee, McComas, unless said condition as to the ownership was reduced to writing, acknowledged and recorded as provided by the law in cases of mortages of personal property."

This instruction is based on the following section of the statute, 1879:

" Sec. 2505. Every sale made by a vendor of goods and chattels in his possession or under his control, unless the same be accompanied by delivery in a reasonable time, regard being had to the situation of the property, and be followed by an actual and continued change of the possession of the things sold, shall be held to be fraudulent and void as against the creditors of the vendor or subsequent purchasers in good faith, and no sale of goods and chattels where possession is delivered to the vendee shall be subject to any condition whatever as against creditors of the vendee or subsequent purchasers from such vendee in good faith, unless such condition shall be evidenced by writing, executed and acknowledged by the vendee, and recorded as now provided in cases of mortgages of personal property."

It is evident that the instruction was refused under the authority of the following cases : *Defiance Machine Works v. Trisler*, 21 Mo. App. 69 ; *Tufts v. Thompson*, 22 Mo. App. 564 ; *Knoop v. Nelson*, 26 Mo. App. 303. These cases hold that the first clause of the section refers to creditors, both prior and subsequent, but that the latter clause, refers only to subsequent creditors. If this be the correct interpretation of the statute, the instruction was properly refused, as this case falls under the last clause of the section and the creditor is a prior creditor.

The first clause of the statute, prior to the revision of 1879, composed the whole section, and had been repeatedly construed by the supreme court to embrace both classes of creditors. By the revision, the last clause, which had been enacted in 1877, was embodied in the same section. It will be noticed that the language used in each clause, as to creditors and purchasers, is identical. Now it is an established rule of construction, that where words and phrases, the meaning of which in a statute has been ascertained, are, when used in a subsequent statute, to be understood in the same sense;

and "where the terms of a statute, which has received judicial construction, are used in a later statute, whether passed by the legislature of the same state or county, or by that of another that construction is to be given to the later statute." *Commonwealth v. Hartwell*, 3 Gray ( Mass. ) 450; *Bucknaboye v. Mottichmed*, 32 Eng. L. & E. 84; *Bogardus v. Trinity Church*, 4 Sand. Chan. 633; *Rigg v. Wilton*, 13 Ill. 15; *Adams v. Field*, 26 Vt. 256.

It would thus seem to be clear that both clauses should receive the same construction, and each be held to include both classes of creditors. The object of the statute was to prevent false appearances to the detriment of creditors, but a subsequent creditor is not alone subject to a fraudulent deception as to the ownership of personal property. It is quite true that a secret lien or condition, in favor of a vendor of property who puts it in the possession of his vendee, would be a fraud upon a subsequent creditor who should, on the faith of such property, permit the vendee to become his debtor. But a prior creditor may also, by such appearances on the part of his debtor, be lulled into a false security, may abstain from collecting or securing the debt; or, as is said in *Coover v. Johnson*, 86 Mo. 533, he may be induced to alter his condition or incur needless litigation or expense.

The creditor involved in that case was a prior creditor and the supreme court, per SHERWOOD, J., defeats such creditor's claim solely on the ground that he had knowledge of the condition to the sale. There can be no question but that the court assumes this clause of the statute applies to prior creditors. The court uses the following language, the italics being my own, "Here, so far as the attaching creditor was concerned, there was in fact no secret lien, no hidden trust, no false appearance, no concealed ownership; nothing in short,

*to induce him to alter his condition, incur needless litigation or expense, or which could in any manner operate to his prejudice.*"

We should content ourselves with reversing and remanding this case without more, were it not, that since the promulgation of *Coover v. Johnson*, the St. Louis court of appeals, in *State to the use Nelson v. Green Tree Brewery*, 32 Mo. 276, without having attention drawn to it, have reiterated the rule formerly announced. Under such circumstances as the question is one constantly arising, we have concluded to transfer the cause to the supreme court for final adjudication. The other judges concur.