SWIMPFIELD EIDSON, Respondent, v. ROBERT HEDGER, Appellant.

Kansas City Court of Appeals, December 2, 1889.

1.  **Parol Conditional Sale:** DELIVERY TO VENDEE : SUBSEQUENT PURCHASER. Where a vendor sells and delivers cattle to his vendee on an oral agreement that the title thereto remains in the vendor until the balance of the purchase money is paid, a *bona fide* purchaser from such vendee takes good title against such

vendor, and'is protected by sections 2505 and 2507, Revised Statutes, 1879; and such statute cannot be avoided by showing that it was orally agreed the vendee's possession should be that of an agent or bailee.

2. **Pleading**: REPLEVIN: DEFENSE. In replevin, the defendant, under the general issue, may assail the plaintiff's title for fraud, and show such facts as would, under the law, render such title void and ineffective against the defendant; and, in this case, defendant need not plead the foregoing statutes, to avail himself of their benefits.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

REVERSED AND REMANDED (*with directions*).

*Railey & Burney*, for the appellant.

In case of a sale or delivery of personal property, upon the condition that the title of the same shall remain in the vendor, or deliverer, until the price of the property, or a certain sum, is paid, such condition is void as to subsequent *bona fide* purchasers, in good faith, and for value, unless the contract is reduced to writing, signed, acknowledged and recorded, as provided in cases of chattel mortgages. R. S., secs. 2505, 2507; *Coover v. Johnson*, 86 Mo. 533; Benj. Sales (Corbin's Am. notes), secs. 425–437, *et seq.; Phillips v. Schall*, 21 Mo. App. 38; *Herryford v. Davis*, 102 U. S. 235.

*J. S. Wooldridge*, for the respondent.

(1) The answer was a general denial. The defendant, to avail himself of the statute of frauds, should have pleaded it, or alleged facts bringing himself within it. *Northrup v. Ins. Co.*, 47 Mo. 435; *Williams v. Mellon*, 56 Mo. 263; *Harrison v. Railroad*, 74 Mo. 373; *Musser v. Adler*, 86 Mo. 449; *Darrett v. Donnelly*, 38 Mo. 492; *Rabsuhl v. Lack*, 35 Mo. 316; *Sherwood v.*

*Saxton*, 63 Mo. 79. (2) Where the buyer is, by the contract, bound to do anything as a condition, either precedent or concurrent, on which the passing of the property depends, the property will not pass until the condition be fulfilled, even though the goods may have been actually delivered into the possession of the buyer. Benj. Sales [2 Ed.] p. 236; [3 Ed.] sec. 320; [Corbin's Ed.] sec. 366; *Harkness v. Russell*, 118 U. S. 663 (30 L. Ed. 285, 287.); *Segrist v. Crabtree*, 131 U. S. 287 (33 L. Ed. 125); *Parmalee v. Catherwood*, 36 Mo. 479; *Sumner v. Cotty*, 71 Mo. 121; *Wangler v. Franklin*, 70 Mo. 659; *Little v. Page*, 44 Mo. 412; *Matthews v. Elvey*, 79 Mo. 202, 204; *Ketchum v. Brennan*, 53 Miss. 596; *Talmage v. Oliver*, 14 S. C. 522; *Miller v. Bascom*, 28 Mo. 353; *Lucas v. Campbell*, 31 Am. Rep. 81; *Zeichtman v. Roberts*, 109 Mass. 53 (12 Am. Rep. 663); *Herryford v. Davis*, 102 U. S. 235, as to conditioned sub.; 1 Pars. Con. [5 Ed.] p. 537; *Porter v. Pettingill*, 12 N. H. 299; *Sargent v. Gill*, 8 N. H. 325; *Gambling v. Read*, Meigs (Tenn.) 381; *Barrett v. Pritchard*, 2 Pick. 512; *Ayer v. Bartlett*, 9 Pick. 156; *Tibbetts v. Towle*, 12 Me. 341; *Buson v. Daugherty*, 11 Humph. 50; *Buckmeister v. Smith*, 22 Vt. 203. (3) Sections 2505 and 2507, Revised Statutes, are in derogation of the common law, and to be strictly construed. Section 2505 does not apply to this case; for the defendant claims only to have purchased the cattle in question from Alley's donee, and not from Alley. Alley's donee was not a purchaser, having paid nothing for the cattle, and could confer no better title than he possessed. Section 2507 does not apply. The cattle were to be Eidson's until a certain sum, or the value of the property, was paid by Alley, and then to become Alley's. By the terms of the contract, they were not to be turned over, or delivered, to Alley until the indebtedness was paid, and Eidson was to possess, and did possess, the sole and exclusive right to sell, or dispose of, them, and so pay off the indebtedness, which was an encumbrance on the cattle.

PER CURIAM.—As we understand the facts of this case, as indubitably shown by the evidence for the plaintiff, the trial court should have directed a verdict for the defendant. Relieved of much irrelevant matter the plaintiff's testimony shows, without conflict, that plaintiff Eidson sold and delivered to John W. Alley the cattle in controversy, with an oral agreement between plaintiff and said Alley, that the title to such cattle should remain with the vendor until fully paid for. The whole eighty-three head of cattle thus sold (and of which the ten head here in controversy formed a part) were put in at about the price of twenty-five hundred dollars, fifteen hundred dollars being paid, and title to the cattle retained by Eidson till the one thousand dollars, balance due, be paid. This balance was not paid, and defendant Hedger is a *bona fide* purchaser from the vendee for value of the cattle here in suit.

I. It seems to us that here is a case of that parol conditional sale condemned by the statute. R. S. 1879, secs. 2505 and 2507. Prior to the Acts of 1877 (Laws of 1877, pp. 320 and 321), it was lawful for the vendor of personal property to sell and deliver to the vendee, and retain, by oral agreement, title of the same until payment of the purchase money, and the vendor might reclaim the property even from an innocent purchaser of the vendee. *Parmalee v. Catherwood*, 36 Mo. 479, and later cases following. But this rule was so abused,—innocent purchasers were so often deprived of property, bought of those in possession, and apparently the owners, because of some secret understanding between the one in possession and the former owner,—that the legislature in 1877 amended the old section 10, chapter 107, Revised Statutes, 1865, by adding these words : "And no sale of goods and chattels, where possession is delivered to the vendee, shall be subject to any condition whatever as against creditors of the vendee, or subsequent

purchasers from such vendee in good faith, unless such condition shall be evidenced by writing, executed and acknowledged by the vendee, and recorded as now provided in cases of mortgages of personal property." And a new section was at the same session (1877) further enacted, providing in effect as follows :

"In all cases where any personal property shall be sold * * * or delivered to another on condition that the same shall belong to the person * * * receiving the same, whenever the amount paid shall be a certain sum, or the value of such property, the title to the same to remain in the * * * deliverer of the same, until such sum, or the value of such property, or any part thereof, shall be paid, such condition, in regard to the title so remaining until such payment shall be void as to all subsequent purchasers in good faith * * * unless such condition shall be evidenced by writing," etc.

In our opinion defendant Hedger's title to these cattle is clearly protected by the terms of the foregoing statute. His title arises out of a purchase in good faith from a conditional vendee in possession, when such condition was not evidenced by any writing, acknowledged and recorded as provided by law. While such agreement was good as between the parties, it is of no avail as between the plaintiff Eidson and defendant Hedger, a purchaser without notice. *Coover v. Johnson,* 86 Mo. 533.

Neither can this statute be avoided by a showing that, when the cattle were delivered to the vendee Alley, it was orally agreed and understood that Alley's possession thereof should be as agent or bailee of the vendor Eidson. When Eidson turned over the cattle, under the contract of sale, to Alley, and said vendee received the same, then such sale and delivery, as to purchasers without notice, was not " *subject to any condition, whatever,*" unless reduced to writing, signed

and acknowledged, and recorded in the office of the recorder of deeds. Were this permitted then, as contended by defendant's counsel, the statute would be practically nullified, and rendered a "dead letter."

II. Plaintiff's counsel further contends that the defendant cannot invoke the aid of the foregoing statute because not expressly pleaded in the answer.

It is well settled that, in the action of replevin, the defendant, under the general issue, may assail the plaintiff's title for fraud, and show such facts as would, under the law, render such title void and ineffective as against the defendant. *Christy v. Scott*, 31 Mo. App. 339; *Allen v. Richard*, 86 Mo. 60; *Springer v. Kleinsorge*, 86 Mo. 156; *Young v. Glascock*, 79 Mo. 574; *Greenway v. James*, 34 Mo. 326.

Holding these views, it becomes unnecessary to discuss other matters raised by the appeal. We, therefore reverse the judgment of the circuit court; and since the plaintiff has possession of the cattle under the replevin writ, and there has been no finding as to the value thereof, the cause is remanded to the circuit court, with instructions to assess the value of the cattle thus taken from the defendant, together with the damages for taking and detaining the same, and enter judgment thereon in the defendant's favor, as by law provided.