THE FERD HEIM BREWING COMPANY, Appellant, v.
GEO. W. LINCK, Defendant; METTA & KINNA,
Interpleaders and Respondents.

Kansas City Court of Appeals, December 5, 1892.

1. **Fraudulent Conveyances:** CONTRACT OF PRINCIPAL AND AGENT: INSTRUCTION. An instruction of writing providing that interpleader was to furnish the defendant, as their agent, certain goods which the latter was to sell for cash, and account for the proceeds after retaining as compensation the amount received in excess of prices fixed, establishes the relation of principal and agent, does not have to be acknowledged or recorded, and its validity is not affected by section 5180, Revised Statutes, 1889, and the jury should be so ;instructed.

2. ———: TRIAL PRACTICE: MEANING OF WRITING FOR COURT. A contract whose meaning does not depend on collateral facts, and is unambiguous in its terms, must have its meaning determined by the court.

3. ———: ———: INSTRUCTION: GOOD FAITH. An instruction in this case is *held* not improper because the term "good faith" is employed therein without defining it.

*Appeal from the Platte Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*James C. Reiger* and *James W. Coburn*, for appellant.

(1) The contract of March 25, 1890, between Metta & Kenna and Linck was void as to the creditors of Linck. Revised Statutes, 1889, sec. 5180; *Swimpfield v. Hedge,* 38 Mo. App. 52; *Whitcomb v. Woodsworth,* 54 Vt. 544; *Machine Co. v. Holcomb,* 40 Iowa, 33. (2) The court erred in instructing the jury that the contract was one of agency. (3) Under the extrinsic facts in the case, the court should have submitted to the jury whether or not the contract was one of agency or of sale. Thompson on Trials, sec. 1083. (4) The term "good faith," used in the instructions by the court, seems to be a technical one, or at least one not well understood. *Coover v. Johnson,* 86 Mo. 533; *Collins v. Wilhoit,* 18 S. W. Rep. 839.

*A. D. Burns* and *N. B. Anderson,* for respondents.

(1) Where there is no dispute as to the meaning of terms, the question of construction of a written contract is exclusively for the court. 2 Wharton on Contracts, secs. 631, 647; *May v. Sloan,* 101 U. S. 231; *Stagg v. Ins. Co.,* 10 Wall. 383; *Glass Co. v.*

*Morey*, 108 Mass. 570; *Easton v. Smith*, 20 Pick. 150; *McKenzie v. Sykes*, 13 S. W. Rep. 400; *Levy v. Gadsby*, 3 Cranch, 180; *Pratt v. Langdon*, 12 Allen, 544; *Smith v. Faulkner*, 12 Gray, 251; *Globe Works v. Wright*, 106 Mass. 207; *Caldwell v. Dickson*, 26 Mo. 60; *Turner v. Yates*, 16 How. 14; *Belt v. Goode*, 31 Mo. 128; *DeRedder v. McKnight*, 13 Johns. 294. (2) It is further assigned as error that the trial court failed to give an instruction defining "good faith" as used in other instructions. The want of "good faith" was the burden of the appellant's attack in the *nisi prius* court. The term was there deemed one of easy significance, and the changes were rung upon it in sonorous numbers. No instruction defining it was asked, nor was it there considered essentially technical and so nebulous in its import that the jury could not comprehend its meaning. *Coover v. Johnson*, 86 Mo. 533, does not support appellant's contention—it simply holds that "good faith" and "without notice" are equivalent terms in that case. Nor has the case of *Collins v. Wilhoit*, 18 S. W. Rep. 839, the remotest bearing on any issue in this case. The appellant holds that "the contract of March 25, 1890, is void in law, or at least it was suspicious if not void on its face." The contract was valid. It is so held in *Peet v. Spencer*, 90 Mo. 384. In that case, Judge BLACK says that Revised Statutes, 1879, section 2507; Revised Statutes, 1889, section 5180, do not apply to cases of this kind.

SMITH, P. J.—As near as we can tell from the imperfect abstract before us this was an action of attachment brought by the plaintiff against the defendant Linck, in which Metta & Kenna were interpleaders. There was a trial on the interplea which resulted in a judgment for the interpleaders, from which plaintiff has appealed. The plaintiff contends that the written

contract between the interpleaders and the defendant is void as to creditors. As this contract was admitted in evidence without objection, no question as to its validity arises unless presented by the instructions. The fifth instruction asked by the plaintiff and refused by the court, which told the jury that, if the sale of the goods in controversy or any part thereof was made by interpleaders to defendant under the written contract, were to remain the property of interpleaders until paid for by defendant, and said contract was not acknowledged and recorded as required by the statute, then said contract was in fraud of the rights of creditors, etc., does not present the question suggested by plaintiff. It is true the contract referred to was neither acknowledged nor recorded, but we do not think that it is within the provisions of section 5180, Revised Statutes, and so its validity is not affected by that statute. It provides for *no sale of personal property to defendant* on condition, *or at all.* It simply provides that the interpleaders were to furnish the defendant, as their agent, wines and liquors of various kinds, which the latter was to sell at wholesale for cash, and account for the proceeds of the same to the former, retaining as his compensation for his services the amount received for the wines and liquors sold in excess of the prices fixed upon each consignment, etc. There was neither sale nor delivery of personal property *to the defendant* on any condition named in the statute evidenced by the contract, so that the assumption of that fact by the instruction was improper for that reason, if it otherwise had been proper. In *Eidson v. Hedger,* 38 Mo. App. 52, relied upon by plaintiff, there was a *conditional sale* and, hence, what is there said is inapplicable to this case. It follows that the court did not err in advising the jury by an instruction that the contract established

between interpleaders and defendant the relation of principal and agent in respect to the sale of wines and liquors as therein provided.

This contract is not one whose meaning and effect is dependent on collateral facts *in pais*, or extrinsic circumstances, and, hence, there were no inferences of fact to be left to the jury to draw. It was clear and unambiguous in its language, and it was entirely for the court to determine, as it did, what was its effect.

The objection that the seventh instruction given by the court upon its own motion, which told the jury that if the said contract was not entered into in good faith, and the goods were not furnished to and held by defendant as agent of interpleaders, but that defendant in fact bought the goods of interpleaders, and was in fact the owner of them when levied upon, the jury ought to find for plaintiff, was improper, because the term "good faith" was employed therein, cannot be sustained. The instruction not only declared a correct rule of law, but was exceedingly favorable to the plaintiff. There is nothing in the cases to which plaintiff refers which condemns the use of the objectionable words in an instruction in a case like this.

No error being perceived in the record, the judgment must be affirmed. All concur.