Oyler v. Renfro.

F. S. OYLER, Respondent, v. HOLLY RENFRO, Appellant.

Kansas City Court of Appeals, December 17, 1900.

1. **Lender and Borrower: TITLE: SALES: STATUTES: NOTICE.** If a purchaser of a team loan it for the crop season to another, the latter's sale conveys no title even to a vendee without notice. Section 3401, Revised Statutes 1899, has no application to such caes.

2. **Sales: SURETY: VERBAL MORTGAGE: NOTICE.** Where a surety goes on the note for the purchase money of a team and himself receives the team and delivers it to the purchaser with the agreement that he retains the lien or title until the note is paid, the transaction is a verbal mortgage of indemnity and of no validity even against a purchaser with notice; and such would be the case with an oral agreement for a mortgage.

3. ———: **CONDITIONAL: CREDITOR: STATUTE.** Under the provisions of section 3412, Revised Statute 1899, a conditional sale is void against a creditor, prior or subsequent, with or without notice.

4. ———: ———: **PURCHASER: STATUTE: NOTICE: LOAN.** Under these statutes a purchaser to be protected must be a subsequent purchaser in good faith and without notice; and section 3412 can not apply to a loan.

Appeal from the Grundy Circuit Court.—*Hon. P. C. Stepp,* Judge.

REVERSED AND REMANDED.

Vol 86 app—21

*Platt Hubbell* and *James M. Frame* for appellant.

(1) Although creditors and purchasers may have actual knowledge of a mortgage of personal property, it is void as to them unless it is acknowledged and recorded. Collins v. Wilhoit, 108 Mo. 458; Loeffler v. Damoree Bros., 75 Mo. App. 207; Buggy Co. v. Woodson, 59 Mo. App. 550; Johnson-Brinkman Co. v. Bank, 116 Mo. 571. (2) Plaintiff's fourth instruction is reversible error for the reason that it authorizes a verdict for the plaintiff on a theory contradictory of the theory on which the plaintiff tried the cause. Rhoades v. McNulty, 52 Mo. App. 306; Nall v. Railroad, 97 Mo. 68; Shoninger v. Day, 53 Mo. App. 147; Short v. Bohle, 64 Mo. App. 242.

*O. G. Bain* and *Hall & Hall* for respondent.

(1) It was not error for the court to give plaintiff's fourth instruction. That instruction only told the jury that if Oyler retained a lien on the horses for the purchase price and at the time of the sale Renfro had been informed of said lien or had sufficient knowledge of the fact to put a prudent person on his guard, then he was not an innocent purchaser in good faith. R. S. 1899, sec. 3413; Peet v. Spencer, 90 Mo. 384; Coover v. Johnson, 86 Mo. 533; Burrill on Assign. (4 Ed.), sec. 391; State to use v. Rowse, 49 Mo. 586. (2) Brennenstuhl was the agent of plaintiff Oyler in the purchase of the horses and afterwards Oyler loaned or delivered said horses to Brennenstuhl for a specific purpose, with a distinct understanding that they were to be delivered back to Oyler in the fall, although afterward defendant Renfro purchased or traded for said horses from Brennenstuhl and even if he did so in good faith, yet

Brennenstuhl was merely a bailee, and that relation did not authorize or empower him to convey a good title against Oyler, the true owner of said horses. Hendricks v. Evans, 46 Mo. App. 313; Moore v. Simms, 47 Mo. App. 182; Wells on Replevin, secs. 44, 45 and 365; Norman v. Horn, 36 Mo. App. 422; Warnick v. Baker, 42 Mo. App. 442.

ELLISON, J.—This is an action in replevin for two horses. The plaintiff recovered in the trial court.

Plaintiff contends that he was the owner of the horses; that they were purchased for him by his brother-in-law, Brennenstuhl, acting as his agent, in the spring of 1899; that after the horses were purchased and delivered to him he loaned them to Brennenstuhl to make a crop the ensuing season; that he gave his notes for the purchase money of the horses, though Brennestuhl signed also; that afterwards, in September, 1899, Brennenstuhl sold the horses to defendant without plaintiff's knowledge or consent. Defendant's contention is that Brennenstuhl bought the horses for himself, giving his notes for the purchase money with plaintiff as surety, and that he afterwards sold them to defendant as he had a right to do.

As the case developed it brought in other points of contention. One of these made by plaintiff was embodied in the following instruction given at his instance: "4. Although the jury may believe that Brennenstuhl purchased said horses in controversy; that Oyler signed the note as security for same, yet, if you further believe from the evidence that it was agreed between Oyler and Brennenstuhl that the title of said property was to remain in Oyler until the purchase price thereof was paid by Brennenstuhl and that afterwards said property was purchased from Brennenstuhl by the defendant Renfro and at the time of said

purchase or prior thereto the said Renfro had been informed that the said Oyler retained a lien on said horses to secure him for the purchase price or had sufficient knowledge or information from any one of plaintiff Oyler's claim to said horses to put a reasonably prudent person on his guard or on inquiry, then defendant was not a purchaser in good faith and your verdict must be for the plaintiff." On the other hand, defendant insists that on the hypothesis stated in this instruction, the agreement between plaintiff and Brennenstuhl was void.

1. We will now state our views on the whole case as we conceive it to be embraced by the record: If the horses were purchased by plaintiff, or by Brennenstuhl for plaintiff, and the latter loaned them to the former for the crop season of 1899, then the sale made to defendant by Brennenstuhl was without authority and conveyed no title, even though defendant had no notice of plaintiff's title. The statute (R. S. 1899, section 3401), in reference to loans of property for a greater length of time than five years has no application to a temporary loan or bailment.

2. If Brennenstuhl bought the horses for himself and plaintiff signed his notes for the purchase money as his surety, and the horses were delivered to plaintiff who in turn delivered them to Brennenstuhl with the agreement that he was to have a lien on them for the payment of the purchase price, or retain the title to them until the purchase price was paid to Brennenstuhl's vendor, neither of these conditions would be valid against defendant, notwithstanding he may have had notice of them. Such conditions merely amounted to a verbal chattel mortgage of indemnity. A chattel mortgage must be in writing, acknowledged and recorded before it is of any validity even against a purchaser with notice. Bevans v. Bolton, 31 Mo. 437; Mead v. Ma-

berry, 62 Mo. App. 557. If there was an oral agreement for a mortgage, as some of the evidence seemed to indicate, it was likewise invalid. Hughes v. Menefee, 29 Mo. App. 192. It follows that plaintiff's instruction number four, above set out, should not have been given.

3. Plaintiff seeks to justify the instruction under the terms of section 3412, Revised Statutes 1899, reading as follows: "In all cases where any personal property shall be sold to any person, to be paid for in whole or in part in installments, or shall be leased, rented, hired or delivered to another on condition that the same shall belong to the person purchasing, leasing, renting, hiring or receiving the same whenever the amount paid shall be a certain sum, or the value of such property, the title to the same to remain to the vendor, lessor, renter, hirer or deliverer of the same, until such sum, or the value of such property, or any part thereof, shall have been paid, such condition, in regard to the title so remaining until such payment, shall be void as to all subsequent purchasers in good faith, and creditors, unless such condition shall be evidenced by writing executed, acknowledged and recorded as provided in cases of mortgages of personal property." Under that statute a conditional sale is void as against a creditor, prior or subsequent, with or without notice. It was so held in construing the same language found in section 3410 of the same statute. Collins v. Wilhoit, 108 Mo. 451; s. c., 35 Mo. App. 585.

4. But purchasers are far more restricted than creditors. In order to avoid the conditions of title named in these statutes, the purchaser must be a *subsequent* purchaser and must have made his purchase in *good faith, without notice of the vendor's rights.* Kingsland v. Drum, 80 Mo. 646. In the case before us, defendant is a subsequent purchaser, and there was evidence tending to prove that he

had notice of plaintiff's claim. If, therefore, the evidence showed any ground for the claim that plaintiff was a vendor—any ground for the claim that he had sold the horses to Brennenstuhl—we would concede the application of the statute (section 3412) relied upon by plaintiff. But there is no ground for such claim. The testimony given by plaintiff, in his own behalf, shows that he never sold the horses to Brennenstuhl. It shows that he loaned them to him; and if such was the fact, his title (as we have shown in the first paragraph of this opinion) was not affected by the sale to defendant.

The judgment is reversed and the cause remanded. All concur.