LIZZIE PATTON, Respondent, v. PHOENIX BRICK
CO., Defendant; THE BONNOT COMPANY, In-
tervenor, Appellant.

**Kansas City Court of Appeals, November 11, 1912.**

1. **FIXTURES: Brick Machines: Conditional Sale: Mortgage.** A
vendor sold and delivered two brick represses to a brick man-
ufactory, by contract conditioned that the title should remain
in him until balance of purchase price was paid. They were
installed in the plant, but the contract was not recorded. Af-
terwards Patton loaned money to the manufacturer and took
a deed of trust describing the real estate and plant, including
"brick machinery" generally. Afterwards, the vendor took a
chattel mortgage for such balance of purchase money, on
the machines sold. *Held*, that Patton's deed of trust, though
after the conditional sale, took precedence over it as it was
not recorded. And that such deed of trust took precedence
over the chattel mortgage, as the latter was not recorded until
after the deed of trust.

2. ———: ———: ———: **Intention: Recording Act: Priority.**
While, as between vendor and vendee, the question whether
property is a fixture or personalty depends largely upon in-
tention, yet such rule will not prevail over the rights of
innocent third parties under our recording act. Therefore,
a mortgage will prevail over a prior unrecorded conditional sale,
as well also as over a mortgage subsequently recorded.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D.
Rusk*, Judge.

AFFIRMED.

*Spencer & Landis* for appellant.

(1)   The seller of machinery fixtures, which are
sold under a conditional sales contract, or where a
chattel mortgage is given at the time of the sale to the
seller, gives the seller a superior right and title to the
fixture, to that of a prior mortgagee of the land and
machinery. Anderson v. Creamery Co., 67 Pac.
(Idaho) 493; Binkley v. Forkner, 19 N. E. (Ind.),
753; Northwestern Mut. Life Ins. Co. v. George, 79

N. W. (Minn.) 1028; Edwards Lumber Co. v. Bank, 77 N. W. (Neb.) 765; General Electric Co. v. Transit Co., 42 Atl. (N. J.) 101; Willis v. Munger Mfg. Co., 36 S. W. (Tex.) 1010; Duffus v. Howard Furnace Co., 40 N. Y. S. 925; Hendy v. Dinkerhoff, 57 Cal. 3; Ellison v. Salem Coal Co., 43 Ill. App. 120; Cochran v. Flint, 57 N. H. 514; Bernheimer v. Adams, 175 N. Y. 472; Paine v. McDowell, 71 Vt. 28, 41 Atl. 1042; German Savings v. Weber, 47 Pac. 224. (2) The distinguishing feature marking the difference between a fixture real and personal property is not altogether as to how the property may be attached to the building or ground as to it permanency, but the intention of the parties, buyer and seller, when the property is placed on the land finally determines its nature. Iron Works v. Iron Works, 143 Mo. App. 6; Pile v. Holloway, 129 Mo. App. 593; General Electric Co. v. Transit Co., 42 Atl. (N. J. Ch.) 101.

*John E. Dolman* for respondent.

(1) The undisputed testimony shows (record 24 and 25) that the represses were necessary to make a complete brick manufacturing plant and that it was the intention of the proprietor to make them, and he did make them, a permanent part of his factory; that he could not run his brick manufacturing establishment nor use it for the purposes intended without these machines. This being true, the machines became part of the realty and when affixed to the factory, passed to the mortgagee of the real estate, under both deeds of trust. Press Brick Co. v. Brick Co., 151 Mo. 501; Crane v. Const. & Real Estate Co., 121 Mo. App. 209; Ottawa Iron Works v. Muir, 126 Mo. App. 582; Iron Works v. Iron Works, 143 Mo. App. 1-6. There is no room in this case to infer what the intention of the proprietor was with reference to these represses because he testifies that it was his intention when he

bought them to make them, and that he afterwards did make them, a permanent part of his manufacturing plant. A conditional sale contract, unless recorded, is void as to all creditors, prior or subsequent, and even with or without notice. Collins v. Wilhoit, 108 Mo. 451; Gilbert Book Co. v. Sheridan, 114 Mo. App. 332; Oyler v. Renfro, 86 Mo. App. 321. The action of appellant in taking and recording his chattel mortgage over a year after respondent had parted with its money did not place it in any better position, since it stood in the same relation to respondent as does the holder of an unrecorded mortgage to subsequent creditors—as to respondent the mortgage was invalid. Babbitt v. Kelley, 96 Mo. App. 529; Dry Goods Co. v. Brown, 73 Mo. App. 245; Williams v. Kirk, 68 Mo. App. 457; Bank v. Buck, 123 Mo. 141.

ELLISON, J.—Plaintiff sought to foreclose two deeds of trust executed by the defendant brick company, the first on the 29th of July, 1902, and the second on the first of May, 1909. The Bonnot Company intervened in the action, claiming that two "repressed brick machines" found in the brick company's plant and claimed to be covered by the deeds of trust, were its property. On a trial of that question the judgment in the circuit court was against the intervenor and it appealed.

We will dispose of the case as it has been put by intervenor, and only discuss plaintiff's rights under the second deed of trust. The evidence in intervenor's behalf discloses that by written contract dated the 22d of March, 1909, it sold and delivered the machines to the brick company with the agreement that the title should remain in it until the balance of the purchase price, amounting to $1200, was paid. Subsequently, on the first of October, 1910, the brick company executed to intervenor a chattel mortgage to secure the unpaid

balance. The contract of sale was not recorded, but the subsequent mortgage was.

On the 16th of August, 1909, the plaintiff loaned the brick company $16,000 and took the bonds secured by the deed of trust dated the first of May, 1909, as security therefor, and had no notice of the conditional sale to the brick company, and as shown by the dates, the chattel mortgage to intervenor was not executed until more than a year thereafter. The deed of trust last mentioned used these words, after describing the real estate: "Together with all of the buildings, kilns, tunnels, machinery, fixtures, brick machines, suction and exhaust fans, engines, boilers, brick cars, turntables, railway tracks and rails, dry pans, elevators, screens, and also all other improvements, fixtures and property belonging or appurtenant to, or used in connection with, the brick manufacturing and other business of said brick company."

The represses, though bought on the 22d of March, as above stated, were not installed in the plant until June or July following. That, as will be seen by the dates, was after the deed of trust was given upon which plaintiff relies, but before she made the loan on the faith of such deed.

From the foregoing it appears that the contract of conditional sale was prior in time to the date of plaintiff's loan. But it was not recorded. It was void as to creditors prior or subsequent, even with notice. [Collins v. Wilhoit, 108 Mo. 451 (s. c., 35 Mo. App. 585); Gilbert Book Co. v. Sheridan, 114 Mo. App. 332; Oyler v. Renfro, 86 Mo. App. 321.] And it was likewise void as to subsequent purchasers in good faith.

The plaintiff's loan and taking the bonds secured by the deed of trust on August 16, 1909, made her the beneficiary under that deed of trust (Norwalk Iron Works v. Bank, 145 S. W. 866) from that date, free from any claim of a conditional sale. And the chattel

mortgage to intervenor, not being recorded for near a year from that date, could not affect her priority.

But the intervenor insists upon this position: That the deed of trust to plaintiff was a charge upon real estate and that the represses, though attached to and a part of the operating brick plant, remained personal property as between it and a mortgagee, whether prior or subsequent, and therefore not subject to the deed of trust.

The general rule is that whatever is annexed to the freehold becomes a part of it. But it is truly said that the diversity of trade required some relaxation of the rule, so that now it is conceded that "the nature of the articles, and the manner in which they are affixed, and the intention of the party making the annexation, together with the policy of the law, are controlling factors in determining whether an article, which may or may not be a fixture, becomes a part of the realty by being annexed to the freehold. The purpose or intention of the parties, the effect and mode of annexation, and the public policy in relation thereto, are all to be considered. When the parties immediately concerned, by an agreement between themselves, manifest their purpose that the property, although it is annexed to the soil, shall retain its character as personalty, then, *except as against persons who occupy the relation of innocent purchasers without notice,* the intention of the parties will prevail, unless the property be of such a nature that it necessarily becomes incorporated into and a part of the realty by the act and manner of annexation. Thus if, in the course of constructing a house, brick should be placed in the walls, and joists and beams in their proper places, the brickmaker and sawyer would not be permitted to despoil the house by asserting an agreement with the owner that the brick and beams were to retain their character as personalty, notwithstanding their annexation. In such a case the mental attitude of the par-

ties cannot modify the legal effect resulting from the annexation. But when chattels are of such a character as to retain their identity and distinctive characteristics after the annexation, and do not thereby become an essential part of the building, so that the removal of the chattels will not materially injure the building, or destroy or unnecessarily impair the value of the chattels, a mutual agreement in respect to the manner in which the chattels shall be regarded after annexation will have the effect to preserve the personal character of the property between the parties to the agreement. Accordingly, the proposition is well sustained that one who purchases machinery with a view that it shall be annexed to or placed in a building of which he is the owner, and who executes a chattel mortgage on the property so purchased, thereby evinces his intention that the property shall retain its character as personalty, regardless of the manner in which it may be annexed to the freehold." [Binkley v. Forkner, 117 Ind. 176.]

The same rule is announced substantially in Edwards & Bradford Lumber Co. v. Rank, 57 Neb. 323.

Conceding to intervenor that the machines, though attached to the brick plant, remained personal property, yet we do not see where the intervenor can be helped by the law as thus stated. It will be noticed that the court excepts innocent parties without notice. It will be further noticed that the description of property above quoted from the deed of trust especially mentioned brick machines and all other improvements belonging to or used in connection with brick manufacturing.

So it seems to us that the question of intention, while one of the controlling factors between vendor and vendee, cannot be allowed to destroy the rights of innocent third parties and those given priority under our recording acts. Presumably plaintiff, before making the loan to the brick company and taking the

bonds secured by the deed of trust as her security, saw the machines installed as a part of the plant and she saw they were described in the deed of trust; and she then saw, upon examination, 'that there was nothing of record to indicate that any one else had any claim. As between a vendor of fixtures claiming a reservation of title under an unrecorded conditional sale, and a subsequent mortgagee, whose mortgage describes such fixtures, the latter will prevail. And so, of course, the latter will have priority over such vendor's subsequent chattel mortgage of the fixtures.

The judgment should be affirmed. All concur.