ELLA LUSTIG, RESPONDENT, v. R. F. MONTGOMERY ET AL., NELSON INVESTMENT COMPANY, INTERPLEADER-APPELLANT.—156 S. W. (2d) 782.

Kansas Court Court of Appeals. November 3, 1941.

*Robert L. Holder* for interpleader-appellant.

*Roach & Brenner* for respondent.

SPERRY, C.—Plaintiff below, Ella Lustig, sued R. F. Montgomery, Hydro-Gas Service Company, a Corporation, Pierson Gas Service Company, a Corporation, and R. E. Pierson, defendants, and attached an automobile owned by R. E. Pierson. Nelson Investment Company, a Corporation, interpleaded. Judgment was against interpleader and it appeals. We shall refer to the parties as they were known in the lower court.

Plaintiff was injured by a motor vehicle operated by defendants and she sued Montgomery and the above mentioned corporations therefor. She attached an automobile which was the property of one Pierson who, at the time when the original petition and affidavit and writ of attachment were issued, was not named therein, nor in the return of the sheriff.

The automobile, which is the sole subject of this law suit, was sold to Pierson by the Dorn Motor Company, whose place of business is, and was on October 6, 1939, the date of said sale, located in the city of St. Louis, Missouri. Pierson is, and was on the above mentioned date, a citizen and resident of the State of Illinois. The sale was made in the city of St. Louis, where the automobile was then located. At

the time of said sale, and in the city of St. Louis, Pierson made, executed and delivered to Dorn Motor Company his note for $615.36, payable at vendor's office, in 24 monthly installments of $25.64; and at the same time he also made, executed and delivered· to vendor a conditional sales contract on said automobile. Immediately after completion of the above transaction Pierson removed said automobile to Jerseyville county, Illinois, his home. It. was used in the business of Pierson. The note and conditional sale contract were later sold to interpleader. The conditional sale contract was never filed or recorded in Missouri or in Illinois.

Plaintiff contends that the judgment should be affirmed because the conditional sales contract, from which instrument interpleader admits that it derives all of its rights, is void as to third persons for the reason that it was not filed in the office of the recorder of deeds in the city of St. Louis, Missouri, which, she contends, is required under the provisions of Sections 3515 and 3486, Revised Statutes, Missouri, ·1939. The pertinent portions of said Section 3515, are as follows:

"In all cases where any personal property shall be sold to any person, to be paid for in whole or in part in installments, . . . the title to the same to remain to the vendor, . . . until such sum, or the value of such property, or any part thereof, shall have been paid, such condition, in regard to the title so remaining until such payment shall be *void* as to all subsequent purchasers in good faith, and creditors, unless such condition shall be evidenced by writing executed, acknowledged and recorded as provided in cases of mortgages of personal property." [R. S. 1929, sec. 3125.] (Italics ours.)

Said Section 3486 is as follows:

"No mortgage or deed of trust of personal property hereafter made shall be valid against any other person than the parties thereto, unless possession of the mortgaged or trust property be delivered to and retained by the mortgagee or trustee or *cestui que trust,* or unless the mortgage or deed of trust be acknowledged or proved and recorded in the county in which the mortgagor or grantor resides, in such manner as conveyances of land are by law directed to be acknowledged or proved and recorded, or unless the mortgage or deed of trust, or a true copy thereof, shall be filed in the office of the recorder of deeds of the county where the mortgagor or grantor executing the same resides, and in the case of the city of ·St. Louis, with the recorder of deeds for said city, or, *where such grantor is a non-resident of the state, then in the* office of the recorder of deeds of the county or city *where the property mortgaged was ·situated at the time of executing such mortgage or deed of trust;* . . ." [R. S. Mo. 1929, sec. 3097.] (Italics ours.)

In a case where an unrecorded conditional sales contract antedated

a chattel mortgage this court held, Patton v. Phoenix Brick Company, 150 S. W. 1116, 1. c. 1117:

"But it was not recorded. It was void as to creditors prior or subsequent, *even with notice.*" (Italics ours.)

Interpleader contends, however, that the above sections of the statute do not apply in this case for the reason that Pierson was a resident of the State of Illinois; that immediately after he purchased the automobile its *situs* became the same as that of its owner; and that it was not "situated" in St. Louis, Missouri, within the meaning of the word "situated" which, it urges, means a permanent location. It urges that, since the laws of Illinois do not require the recording of conditional sales contracts in order to render them effective as against third parties, it was entitled to judgment irrespective of the quoted Missouri Statutes which, according to this view, have no application here.

Interpleader cites and relies on the case of Yellow Manufacturing Acceptance Corporation v. Rogers, 142 S. W. (2d) 888, a decision rendered by the Springfield Court of Appeals. We find no fault with that decision; but it is not applicable to the facts in the case at bar because the two situations are in no wise analogous. In that case a motor vehicle, then located in the State of Oklahoma, was sold to a citizen of Oklahoma, whose residence was then in Oklahoma, and the entire contract of conditional sale was made, and was to be executed, in said State. The court held that the Missouri Statutes did not contemplate conditional sales contracts or mortgages involved in such transactions. The court held that the Oklahoma truck was merely on a transitory trip into this State at the time it was seized, and that it could not be said to have been "situated" in the State. The decision is in harmony with the rule declared by the St. Louis Court of Appeals in Association Investment Company v. Froelich, 34 S. W. (2d) 987.

In the case at bar the automobile was sold by a Missouri owner, in the State of Missouri; and the conditional sales contract was a Missouri contract, made in Missouri and to be performed in Missouri. It is therefore to be construed according to the law of the State where made. [55 C. J. 214.] We think that Sections 3486 and 3515, *supra,* apply to this transaction. The italicised portion of Section 3486 specifically makes it applicable; and the conditional sales contract, not having been recorded in the city of St. Louis, is not enforceable against a third party, under the terms of the statute.

Interpleader complains that Pierson was not a party to the lawsuit when the automobile was attached. This cannot avail interpleader because he must stand or fall upon the strength of his own title; not upon the weakness of that of his adversary.

The judgment is affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.