AUGUSTUS SUMNER

*v.*

VIRGINIA McKEE.

1. CHATTEL MORTGAGE—*as to whom void for neglect to take possession—who are "third persons."* Where a mortgagor of chattels is permitted, by the terms of the mortgage, to retain the possession of the property, the mortgage is void

only as to third persons, when possession is not taken on maturity of the note it was given to secure. The widow, heir or administrator of the mortgagor is not such a "third person," however, as they stand in his shoes and are concluded by all lawful acts and contracts entered into by him.

2. So, where a mortgagee of personal chattels failed to take possession at the maturity of the note secured by the mortgage, the mortgagor having died before the note matured, and his widow, after his death, relinquished her claim to the articles mentioned in the appraisement of her specific allowance, and in lieu thereof elected to take all the articles of personalty inventoried and appraised, including the goods mortgaged, as a creditor of the estate, it was *held*, that as the mortgagor had sold and conveyed the same by the mortgage, which sale became absolute on default of payment, it was not open to selection by her, except subject to the lien.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. GILLESPIE & HAPPY, for the appellant.

Messrs. IRWIN & SPRINGER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of replevin, in the circuit court of Madison county, tried by the court, without a jury, on an agreed statement of facts, as follows:

"That on the 8th day of January, 1876, one Jesse R. McKee, the plaintiff's intestate, now deceased, for a valuable and adequate consideration, executed his promissory note for the sum of $600, payable twelve months after date, with ten per cent annual interest from date; that to secure this note, on the same day he executed a chattel mortgage upon the property in controversy, all legal formalities in the execution of said mortgage having been complied with, and the same at the time of its execution became, and was then, a valid mortgage upon said property, under the statute; that on the 16th day of May, 1876, said Jesse R. McKee died intestate, leaving the plaintiff as his widow; that on the 6th day of September, 1876, plaintiff took out letters of administration upon the estate of her deceased husband, and entered upon the duties of her

office, and is still administratrix of said estate; that the plaintiff remained in possession of the property in controversy from the time of her husband's death till she became administratrix, as aforesaid, and in her capacity of administratrix, thereafter, remained in possession of the same till they were taken out of such possession on the 2d day of February, 1877, by the defendant, under claim that he had the right to do so by virtue of the chattel mortgage aforesaid, for non-payment of the promissory note thereby secured, at maturity; that at the time said goods and chattels were taken by defendant under his chattel mortgage, the promissory note secured thereby was twenty-four days past due, and there remained unpaid upon the said note $308.71; that on the 1st day of December, 1876, the plaintiff paid $209 in wheat on said note, and on the 19th day of January, 1877, the plaintiff made an additional payment on said note of $50. Also, that both parties to this suit, at the date of the maturity of said note, resided, and have continued to this day to reside, in the same township; that on the 6th day of February, 1877, plaintiff sued out a writ of replevin in this case, as administratrix, claiming the right to hold said property in that capacity against said mortgage.

"It is also agreed, that the said Jesse R. McKee was the owner of no real estate at the time of his death; and that the personal property belonging to said deceased at the time of his death, as shown by the appraisement bill filed in said county court, is insufficient to pay the amount allowed by the appraisers of said estate to the widow, as her award; and that on the 25th day of January, 1877, the plaintiff, as widow of said deceased, filed in the probate court an instrument in writing, whereby she relinquished all her claim to the articles mentioned in the appraisement estimate of specific property, and in lieu thereof elected to retain all articles named in the appraisement bill of personal property of said deceased; and that all the goods and chattels in controversy were included in said appraisement bill. Also, that at the maturity of the note secured by said mortgage, and at the time said goods and

9—89 ILL.

chattels were taken into his possession by the defendant, there were no mortgage or execution. liens against said goods and chattels, unless the mortgage aforesaid of the defendant was a lien against the same, which is not hereby intended to be affirmed or denied, and there were not, at either of said times, any other liens against said goods and chattels, but such as existed, if at all, by virtue of said mortgage and the statutes of the State relating to the administration of the estates of the deceased persons dying in this State intestate; that the only provision of said mortgage material to be known for the purposes of this case, was one that provided that if the said Jesse R. McKee should well and truly pay the note above mentioned, at maturity, said mortgage should be void; another, that in case of default of payment of said note at maturity, according to its terms, tenor and effect, the defendant herein might take possession of and sell said goods and chattels, on certain terms and conditions in said mortgage prescribed; and another, that until default be made in the payment of said note, the said Jesse R. McKee should remain and continue in the quiet and peaceable possession of said goods and chattels, and the full and free enjoyment of the same; that this case shall be submitted for the decision of the court upon the foregoing statement of facts, all formal pleadings and all evidence other than this statement being waived, and in case of an appeal by either party from the decision of the circuit court, this agreement shall be taken and accepted by both parties, in lieu of a formal and complete record; that reference may be made to said mortgage as to any other conditions or provisions therein either party may deem important."

In addition to the above, under the provisions of this agreement, the defendant offered in evidence the chattel mortgage referred to in the above statement of facts. This mortgage is in the usual form, with full covenants, and has this condition: that if the said party of the first part shall well and truly pay the party of the second part, his heirs, executors, administrators or assigns, one certain promissory note (note described),

then these presents shall be void, and he, the said party of the first part, for his heirs, executors or administrators, does covenant and agree to and with the said party of the second part, his heirs, etc., that in case default should be made in the payment of the said sum of money above mentioned, when the same becomes due and payable, according to the terms, tenor and effect of the said promissory note, it shall and may be lawful for and the party of the first part doth hereby authorize and empower the said party of the second part, his heirs, executors, administrators and assigns, or his or their agent, with the aid and assistance of any person or persons, to enter any dwelling house, store or other premises, and such other place or places as the said goods and chattels are or may be placed in, and take and carry away the said goods and chattels, and to sell and dispose of the same at private or public sale to the highest bidder, for cash in hand, after giving ten days' notice, etc., (with the usual provisions in like cases, not necessary to be quoted.)

The mortgage further provides: "And until default be made in the payment of the said sum of money, the said party of the first part is to remain and continue in the quiet and peaceable possession of the said goods and chattels, and the full and free enjoyment of the same," and concludes with the usual "insecurity clause."

On these facts the court found for the plaintiff in replevin, Virginia McKee, and rendered judgment against appellant for the costs, and he appeals.

The question submitted on this appeal is, did the relinquishment of the widow of the mortgagor, and her selection of the property mortgaged, operate to defeat the lien of the mortgage, possession of the property mortgaged not having been taken by the mortgagee at the maturity of the note? Is the widow, under the facts stated, a third person, in the sense of the statute?

It is not disputed, for such is the doctrine of this court, that, as against the mortgagor, failing to take possession on the

maturity of the note would not defeat the lien. Suffering mortgaged property to remain in the possession of the mortgagor, without an agreement to that effect in the mortgage itself, is not understood as endangering in any respect the lien as against the mortgagor. It is only when the interests of third persons are to be affected, the question can arise, and this on the principle, a party can not be permitted to appear as owner of property by having it in possession while the title is in another.

Who were meant by "third parties," as that term is used in the statute? Can it mean any other than creditors and subsequent incumbrancers? We understand the law to be, that a chattel mortgage is only void as to third persons if possession is not taken on maturity of the note it was given to secure, but we have never understood that the widow, heir, or administrator of a mortgagor, was such "third person." They stand in the shoes of the deceased, and are his representatives, and concluded by all lawful acts and contracts he may have entered into or performed.

McKee, the maker of the note and mortgage, died in a few months after the note was executed, the property being then in his possession, cumbered by this lien, and no creditor or incumbrancer intervening. The mortgagor in his lifetime held the property, not as his own, but by permission of the mortgagee, to whom he had sold it, by deed with full covenants. Some eight months after the death of the mortgagor his note matured, and at that moment the mortgagee had a right to take possession. The reason why he did not, may be found in the fact that the widow and administratrix, appellee here, was making payments on the note, but whatever may have been the reason why the property was permitted to remain with the widow, no cause of complaint on her part could have existed, she not being a third party, but, after September 6, 1876, standing in the place of the deceased as the administratrix on his estate. When she took out letters of administration, on that day this mortgage was in full force,

and she was bound by it and knew of its existence, she making two or more considerable payments on it. If the mortgagor could not question this alleged *laches*, how can his administrator or widow? The answer by appellee is, that the property remaining in the possession of the mortgagor after the maturity of the note, it was, from that day, no longer subject to the mortgage, but became liable to the claims of creditors, and that appellee is such creditor, made so by statute. The statute relied on is the act entitled, "Administration of Estates," Rev. Stat. 1874, section 75 of which provides, that it shall be lawful for the widow to elect whether she will take the specific articles set apart to her, or take the amount thereof out of other personal property at the appraised value thereof, or whether she will take the amount thereof in money, or, she may take a part in property and a part in money, as she may prefer; and in all such cases, it shall be the duty of the executor or administrator to notify the widow as soon as such appraisement shall be made, and to set apart to her such article or articles of property not exceeding the amount to which she may be entitled, and as she may prefer or select, within thirty days after written application shall be made for such purpose by such widow. Pages 117 and 118.

It will be seen the widow is entitled to select such articles of property belonging to the deceased at the time of his death. The property in question had been sold and conveyed by deed, valid as against him and his personal representatives, and consequently was not in a condition to be selected by the widow. It was not the property of her deceased husband, though in his possession and that possession properly accounted for, and good against him and all claiming under him. His widow and administratrix must be required to take the property as the mortgagor left it, cumbered by a lien, which had become absolute on default of payment. The property was no longer the property of the mortgagor, and therefore not open to selection by his widow.

A different view seems to be entertained by the Supreme Court of Pennsylvania, in the case of *Kater* v. *Steinwick's Admr.*, 40 Penn. 501, probably on some statute differing from ours. Be that as it may, on principle we do not feel authorized to follow that decision.

We must hold the widow and administratrix, under the facts shown, is not such "third person" as contemplated by the statute, and that the mortgage, on condition broken, vested the title in the mortgagee, Sumner, to the property in question. The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*