Hughes *et al.*, *Plaintiffs in Error*, v. McDivitt *et al.*

1.  **Administrator's Deed**: STATUTE OF 1835.   An administrator's deed made under the administration law of 1835 (Art. 3, sec. 22) is sufficient where it shows the date of the order of sale, the court by which it was made, and the consideration.

2.  —— : ——.   The approval of the deed by the probate court is, under the law of 1835, in effect, a judgment that the sale has been conducted according to the law and the order of the court.

3.  —— : EJECTMENT.   It is sufficient in an action of ejectment for the land that the plaintiff produce the deed and the order approving the sale.

4.  —— : CERTIFICATE OF ACKNOWLEDGMENT.   Where the statute authorizing the execution of a deed by an administrator does not state what the certificate of acknowledgment shall set forth, it must conform to the general law on the subject

5. —— : ——. It was not necessary that such certificate should state that the person therein named as grantor was personally known to the officer ; it is sufficient if it sets forth that such person was known to him.

6. Ejectment: AMENDMENT OF PETITION. Amending a petition in ejectment by causing it to state that both the husband and wife were entitled to the possession, instead of the wife alone, does not change the cause of action.

7. —— : ——. Such amendment can be made by the court in which the cause is pending on change of venue.

*Error to Clinton Circuit Court.*—HON. J. W. SANDUSKY, Judge.

REVERSED AND REMANDED.

*Wm. Henry, F. B. Ellis* and *J. F. Harwood* for plaintiffs in error.

(1) The court erred in excluding the deed of William Jones, administrator, to James Fugate, the father of plaintiff, Martha J. Hughes. *Henry v. McKerlie,* 78 Mo. 417 ; *Evans v. Robberson,* 92 Mo. 192 ; *McClure v. McCury,* 53 Mo. 173 ; *Robson v. Thomas,* 58 Mo. 581 ; *Baker v. Underwood,* 63 Mo. 384. (2) The court erred in refusing to set aside the nonsuit.

*Crosby Johnson* and *Davis & Rogers* for defendants in error.

(1) After the amendment of the petition, changing the cause of action from one in favor of Mrs. Hughes to one in favor of Mr. Hughes, the circuit court of Clinton county had no jurisdiction of such new cause of action. *Field v. Maloney,* 78 Mo. 172. (2) A party cannot, under guise of amending his petition, so change the same as to substitute another cause of action for the one stated, or attempted to be stated, in his original petition. Bliss on Code Pleadings, sec. 429 ; *Lumkin v. Collier,* 69 Mo. 170. (3) As the statute of 1845 required

that an administrator's deed should be acknowledged, a proper acknowledgment was an essential part of the deed; and without an acknowledgment the deed would have no validity. *Cabell v. Grubbs*, 48 Mo. 355 ; *Allen v. Moss*, 27 Mo. 355 ; *Allen v. King*, 35 Mo. 216. Although a defectively acknowledged administrator's deed may be good as color of title, it is insufficient to pass title. *Campbell v. Gas Co.*, 84 Mo. 354. (4) A deed is necessary to pass the title. *Wohlien v. Speck*, 18 Mo. 561. Sale, payment of price and approval may create in the purchaser an equity for a title, which would defeat an action of ejectment against such purchaser, as was declared in the case of *Henry v. McKerlie*, cited by the plaintiff's counsel; but a plaintiff in ejectment cannot recover on an equitable title. *Pickett v. Jones,* 63 Mo. 195 ; *Ford v. French*, 72 Mo. 250 ; *Dunlap v. Henry*, 76 Mo. 106. (5) As there was no evidence that the title of the land was ever vested in Partridge, the rejection of the instrument in question was not prejudicial to the plaintiffs so far as can be determined from the record. Unless the court can see that the rejected evidence was material, there is no ground for reversal. *Bank v. Aull's Adm'r*, 80 Mo. 199 ; *Kraxberger v. Roiter*, 91 Mo. 404 ; *Fitzgerald v. Barker*, 96 Mo. 651. (6) After a suit has been brought in the name of one, another party cannot, by amendment of the petition, be substituted as plaintiff. *Crescent F. & L. Co. v. Raddatz*, 28 Mo. App. 210. (7) On the state of facts disclosed by the reply of the plaintiffs there could have been no recovery in this action by Mrs. Hughes. *Rust v. Goff*, 94 Mo. 512. If the allegations of the reply are true the right of action was in the husband only. *Wilson v. Garaghty*, 70 Mo. 517.

BLACK, J.—This is an action of ejectment brought by Martha J. Hughes and her husband to recover eighty acres of land situate in the county of Caldwell. The venue of the cause was changed to Clinton county.

Hughes v. McDivitt.

The plaintiffs having shown that Martha J. Hughes was the sole surviving heir of James Fugate, deceased, offered in evidence the following administrator's deed : "Whereas, I, William Jones, of the county of Caldwell, and state of Missouri, administrator of the estate of Edward Partridge, deceased, late of the county of Hancock, and state of Illinois, in pursuance of an order of the Caldwell county court made at their December term, bearing date the eighth day of December, 1840, have this day bargained and sold unto James Fugate, of the county of Caldwell, and state of Missouri, for, and in consideration of, the sum of $52.50, the receipt of which is hereby acknowledged, all the right, title and interest that the said Edward Partridge had at the time of his death, in and to the following lots, pieces or parcels of land, situate, lying and being in the county of Caldwell, and state of Missouri, or so much thereof as is vested in me by the above-mentioned order, to-wit : "

The deed then goes on to describe the land, and is signed and sealed by the administrator, and bears date March 21, 1846.   The acknowledgment is in these words :

"STATE OF MISSOURI, ⎱ ss.
  "County of Caldwell, ⎰

"Be it remembered, that on this, the twenty-first day of March, A. D. 1846, personally appeared before me, Joseph C. Hoord, clerk of the county court within and for the county aforesaid, Wm. Jones, administrator of the estate of Edward Partridge, deceased, whose name appears in the foregoing instrument of writing as a party, as administrator aforesaid, and acknowledged the same to be his act and deed for the purposes therein named.

"In witness whereof, I have set my hand and affixed the seal of said court, at office in Kingston, this the day and date last aforesaid.

"[ Seal.]                           JOSEPH C. HOORD,
"By J. H. BRYAN,                                    Clerk.
        "Deputy Clerk."

The bill of exceptions states that plaintiffs, in sup-
port of the deed, introduced evidence tending to prove
that the records of the probate court of Caldwell county,
including the records of the administration of the estate
of Edward Partridge, were destroyed by fire; also fur-
ther evidence tending to prove that the county court
of Caldwell county, then having probate jurisdiction,
approved the sale of the land described in the deed by
an order entered of record, and that before said sale the
land was appraised as required by law.    The court, on a
general objection made by the defendants, excluded the
deed.

The plaintiffs also offered in evidence a certified
copy of a bond dated the twenty-fifth of February, 1841,
signed by Jones as administrator of the estate of Edward
Partridge, which contains recitals to the effect that the
administrator had, pursuant to an order of the county
court made on the eighth of December, 1840, sold the
property specified in the deed to James Fugate for
$52.50, one-half to be paid in six months, and the other
half in twelve months, and states that a deed shall be
made when the purchase money is paid.

1.    An objection made to the deed in support of its
exclusion by the trial court is, that it is defective in its
recitals in these respects :    *First*, it does not recite the
order of sale so as to show whether the sale was to be
public or private ;    *second*, it does not show when the sale
was made, nor whether it was made during the session
of any court;    *third*, it does not show that any report of
the sale was made, nor that the report was approved ;
and, *fourth*, it fails to show that the property was
advertised for sale.

It is perfectly clear that the sale was made under an
order of the county court, entered at its December term,
1840, and that the sale was made not later than the
twenty-fifth of February, 1841.    The proceedings were,
therefore, had under, and are governed by, the Laws of

Vol. 102—6

1835, and not the Revised Statutes of 1845. According to section 22 of article 3 of the act concerning executors and administrators of 1835, the administrator must, upon the payment of the purchase money, execute, acknowledge and deliver to the purchaser a deed "stating the date of the order of sale, and the court by which it was made, and the consideration." An inspection of the deed is sufficient to show that it states these three things; namely, the date of the order of sale, the court by which the order was made, and the consideration. The deed, therefore, complies with the law in respect of its recitals.

The statutes of 1835 do not, like the statutes of 1845 and subsequent statutes, make the deed of itself evidence of matters stated therein; but the act of 1835 requires the administrator to report the sale to the court, with the certificate of appraisement and a copy of the advertisement; and the report must be approved by the court. The approval, of which there is evidence in this case, is in effect a judgment that the sale has been conducted according to law and the order of the court; and it was not incumbent upon the plaintiff to produce any evidence additional to the deed and the order approving the sale. *Price v. Springfield Real-Estate Ass'n*, 101 Mo. 107.

2. A further objection is made to the administrator's deed on the ground that the certificate of acknowledgment does not show that the grantor was personally known to the officer who made the certificate. The statute, which makes it the duty of the administrator to execute, acknowledge and deliver to the purchaser a deed, does not state what the certificate of acknowledgment shall set forth. It must, therefore, conform to the general law on that subject. By the statute of 1835 as well as that of 1845, it was provided that "the certificate of acknowledgment shall state the fact of acknowledgment, and that the person making the same

was personally known to the officer granting the certificate to be the person whose name is subscribed to the instrument as a party thereto." It is not necessary that the certificate should state that the grantor was *personally* known to the officer, but it is sufficient if the certificate shows that the grantor was *known* to him. *Alexander v. Merry*, 9 Mo. 514; *Robson v. Thomas*, 55 Mo. 581.

The certificate of acknowledgment in this case not only states the fact of the acknowledgment, but when analyzed it will be seen the clerk taking and certifying it makes these additional statements: That William Jones personally appeared before him; that the William Jones who thus personally appeared before him was the person who was administrator of the Partridge estate, and the same person whose name appeared in the deed as a party thereto as administrator. How could the officer make these statements, unless the William Jones making the acknowledgment was known to him to be the person whose name was subscribed to the deed as a party thereto? It is not necessary that the certificate should follow the language of the statute. It is sufficient that there is a substantial compliance with the law. All the elements of a good acknowledgment are found in the one before us, and that is sufficient, though they are not expressed in the language of the statute. It follows from what has been said that the court erred in excluding the deed.

3. The original petition stated that Martha J. Hughes was entitled to the possession of the land. After the venue of the cause had been changed to the Clinton circuit court, the plaintiffs amended their petition by stating that she and her husband, her coplaintiff, were entitled to the possession. The defendants in the case, who are now the defendants in error, insist that the amendment made an entire change in the cause of action; that the Clinton circuit court had no jurisdiction to try on change of venue any other case than that

which was commenced in the Caldwell circuit court. To show that the amendment changed the cause of action we are cited to *Fields v. Maloney*, 78 Mo. 172. In the first place, that case is unlike the present one, and in the next place that case has ceased to be the law of this court. *Stearns. v. Railroad*, 94 Mo. 317. The amendment was one which the Caldwell circuit court could have allowed, with or without the consent of the defendants, and the Clinton circuit court possessed the same right and power when the cause came to it on change of venue.

We express no opinion on the merits of this case, for they are not before us on this record. The judgment is reversed and the cause remanded. All concur, except BARCLAY, J., who dissents.

### SEPARATE OPINION.

BARCLAY, J.—In my opinion the acknowledgment which is questioned in this case is insufficient. The law which governs it is as follows :

" Sec. 11. No acknowledgment of any instrument in writing, that conveys any real estate, or whereby any real estate may be affected in law or equity, shall be taken, unless the person offering to make such acknowledgment shall be personally known to at least one judge of the court, or to the officer taking the same, to be the person whose name is subscribed to such instrument as a party thereto, or shall be proved to be such, by at least two credible witnesses.

" Sec. 12. The certificate of such acknowledgment shall state the fact of acknowledgment, and that the person making the same was personally known to at least one judge of the court or to the officer granting the certificate, to be the person whose name is subscribed to the instrument as a party thereto, or was proved to be such, by at least two witnesses, whose names shall be inserted in the certificate." R. S. 1835 [3 Ed.] pp. 120, 121.

Glancing at this certificate, we see that it declares that "Wm. Jones, administrator of the estate of Edward Partridge, deceased," "personally appeared," and acknowledged, etc. The question very naturally arises at once, on reading it, how did the officer know, as recited, that Wm. Jones, administrator, etc., was the person "whose name appears in the foregoing instrument of writing as a party as administrator aforesaid?" Was the fact of his own knowledge, or did he know it by proof of two witnesses (which the law allowed him to act upon), or otherwise? This is the very point which the statute quoted, it seems to me, requires the certificate to answer, and on which, in this instance, it gives no light.

While such instruments should receive a liberal interpretation, and their substance, rather than mere form, be regarded, it appears to me that our construction of them should not be so broad as to dispense with any of the requirements of a plain statute.

The law on this subject seems to me to demand more than appears in this certificate, touching the officer's means of knowledge of the identity of the grantor to which he certifies. *Callaway v. Fash* (1872), 50 Mo. 420; *Jackson v. Osborn* (1829), 2 Wend. 555; 20 Am. Dec. 649; *Coburn v. Herrington* (1885), 114 Ill. 104.

In my judgment the trial court correctly sustained the objection made to the acknowledgment.