Wilson v. Quigley.

WILSON, *Appellant*, v. QUIGLEY *et al.*

DIVISION ·TWO.

**Mortgage, Acknowledgment of: STATUTE.** A recital in the certificate of the acknowledgment of a mortgage, that W. "whose name is signed to above writing personally appeared before me and acknowledged the same," but not stating as the statute required that the grantor was " personally known " to the officer, is not so defective as to render the mortgage inadmissible in evidence.

*Appeal from Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*T. J. Myres* and *M. T. January* for appellant.

(1) A certificate of acknowledgment is fatally defective if the officer fails to certifiy that the party is "known" to him, etc. *Holton v. Kemp*, 81 Mo. 661 ; *Tully v. Davis*, 83 Am. Dec. 179 ; Note to 41 Am. Dec. p. 175. (2) The court, therefore, erred in admitting in evidence the two mortgages purporting to have been executed by Samuel A. Wilson.

*W. J. Stone* and *Irvin Gordon* for respondents.

(1) The officer certified that Wilson personally appeared before him, and he could not have truthfully so certified unless it was literally true. The length of acquaintance which will authorize an officer to certify that he personally knows a person must be left to his own conscience. It seems that a mere introduction is sufficient. *Wood v. Bach*, 54 Barb. 134 ; *Neppel v. Hammond*, 4 Cal. 211. (2) The courts are liberal in construing acknowledgments to be sufficient. *Carpenter v. Dexter*, 8 Wall. 513 ; *Kelly v. Calhoun*, 95 U. S. 710 ; *Hughes v. Sloan*, 14 S. W. Rep. 660. (3) The mortgages at all events were admissible in evidence as a basis for the plea of estoppel on account of the laches of plaintiff.

GANTT, P. J.—This is an action of ejectment for the north half of section 13, township 35, range 31, in Vernon county, Missouri. The defendant deduced their title through two mortgages executed by plaintiff. Plaintiff below and appellant here objected to the introduction of these mortgages in evidence, because the certificate of acknowledgment failed to state the grantors were personally "known" to the notaries who took the acknowledgments in Rockbridge county, Virginia. The form is one used and approved in that state, and is as follows :

" State of Virginia, county of Rockbridge, to-wit: I, S. H. Letcher, notary, public for the county aforesaid, do hereby certify that Samuel A. Wilson whose name is signed to the above writing personally appeared before me and acknowledged the same, and I do further certify that Virginia C., the wife of Samuel A. Wilson, whose name is also signed to the above writing personally appeared before me and having the writing aforesaid fully explained to her, and being examined by me privately and apart from her husband acknowledged and does not wish to retract.

"Given under my hand this, the twenty-seventh day of March, 1873.

"S. H. Letcher,<br>" Notary Public."

As said by Judge Scott in *Alexander v. Merry*, 9 Mo. 510 : " It is much to be desired that every officer who takes an acknowledgment of a deed would conform literally to the law. But we know that the convenience of our people requires that the taking of the acknowledgments of deeds should be intrusted to those who are ignorant of the forms of the law, who will take a proper acknowledgment and blunder in certifying it."

This court has so recently decided the exact point raised in this case, and held that a substantial compliance with the statute is all that is required, that it is unnecessary for us to repeat at length the reasons which constrain us to hold the acknowledgment sufficient. The court committed no error in admitting the mortgages in evidence. *Hughes v. McDivitt*, 102 Mo. 77. Judgment is affirmed.