CHARLES POTTER, JR., and Others, Respondents, *v.* THE TRADERS' NATIONAL BANK of Rochester, Appellant.

*Chattel mortgage to secure purchase money, not filed — effect of a sale under execution against the vendee, subject to the vendor's claim.*

A vendor of personal property, who has taken a chattel mortgage thereon from the vendee to secure payment of the purchase money, which, by its terms, gives the vendor the right to take the property on default in payment, may, on default in payment, recover possession of the property from a judgment creditor of the vendee who has bought it in on a sale under execution against the vendee, expressly announced by the sheriff and understood to be made subject to the vendor's claim under his chattel mortgage, although the mortgage had not been filed when the execution was issued.

APPEAL by the defendant, the Traders' National Bank of Rochester, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of Monroe county on the 7th day of January, 1893, upon a verdict rendered at the Monroe Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes.

*David Hays,* for the appellant.

*Hector M. Hitchings,* for the respondents.

Macomber, J. :

This action was in replevin to recover a printing press from the defendant, which came into its hands through a sale of the personal property of the Rochester Lithographing and Printing Company, upon a judgment recovered by the defendant against that company. This printing press was purchased by the Rochester Lithographing and Printing Company from the plaintiff, and as a part of the purchase price thereof, a chattel mortgage was executed by the purchaser to the seller to secure the same. The sale was made in April, 1889, and the purchase price of the press was $3,000. The amount secured by the chattel mortgage was the sum of $2,700, payable in installments, evidenced by ten promissory notes of $270 each, all bearing date April 15, 1889, and due at different times from four months to thirty months from their date. These notes were payable at the defendant's bank and five of them had been paid at the time this action was begun, and five remained unpaid. The mortgage was not filed until October 14, 1890. In February of that year, the defendant commenced an action against the Rochester Lithographing and Printing Company, to recover a considerable sum of money, and that action resulted, on October 9, 1890, in a judgment for $20,977. Execution was issued thereon on the last-named day.

At the close of the testimony, as well as at the conclusion of the plaintiffs' case in chief, the defendant moved for a nonsuit upon the ground that the plaintiffs had failed to file or refile their mortgage as required by statute, and on the further ground, that they had failed to show due execution of the mortgage by the corporation debtor; also, that the action was brought against the wrong party. One ground at least of the motion, namely, that the action was brought against the wrong person, was clearly not tenable, because the case shows that it was agreed that the person who purchased the property at the sale on the execution, took the title on such purchase in behalf of the defendant.

The ground taken by the counsel for the defendant, that a recovery could not be had by the plaintiffs because the chattel mortgage had not been properly filed, was well taken, and doubtless would have prevailed, except for other facts in the case upon which the plaintiffs relied, which consisted of testimony to the effect that upon such sale the press was struck off to the defendant's agent

subject to the claim of these plaintiffs. The learned trial justice, in denying the defendant's motion for a new trial made upon the minutes, wrote an opinion which does not appear in the printed case, but which has been furnished to the court since the argument. The opinion is as follows:

"BRADLEY, J.: The motion to dismiss the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action was properly denied. Although the fact of the title, general or special, in the plaintiff was not formally alleged, the facts constituting the elements in that respect essential to the cause of action were alleged. The complaint stated that the Rochester Lithographing and Printing Company having purchased the press of the plaintiffs, gave to the latter a chattel mortgage upon it to secure the payment of the purchase money, then proceeded to state its terms by which the right was given to the plaintiffs to take the property on default in payment, or when they deemed themselves unsafe, sell it, etc., and charges default in payment; that the defendant afterward took possession of the property and that the plaintiffs demanded of the defendant the possession of it, to which they were entitled under and by virtue of said mortgage, but the defendant has wholly refused and still does refuse to deliver the same to the plaintiffs and wrongfully detains the same from them.

"The facts stated in respect to the provisions of the chattel mortgage and of the right which it gave, constituted in effect, allegations of title in the plaintiffs as mortgagees. Such was the legal operation and effect of the chattel mortgage as between the parties to it. (*Langdon* v. *Buel*, 9 Wend. 80.)

"And the conclusion, which, followed by allegations that the plaintiffs were entitled to the possession of the property, and that it was wrongfully detained from them by the defendant, had the support of the facts so alleged. The same strictness is not applicable on motion to dismiss as might be applied on demurrer.

"The other grounds of the motion for dismissal of the complaint require no special consideration. The evidence was sufficient to justify the submission to the jury of the question whether or not the sale by the sheriff of the press was made subject to the plaintiffs' claim of title, founded upon the chattel mortgage, and to fairly support the finding upon it in the affirmative. And such fact having

been so found by the jury, must, for the purposes of this motion, be deemed effectually established. (*Horton* v. *Davis*, 26 N. Y. 495; *Friedrich* v. *Brewster*, 26 Hun, 236.)

" It may be affirmed that an unqualified sale by the sheriff of the right, title and interest of the R. L. & P. Co. in the press would have divested the plaintiffs of any right under the mortgage, as against the purchaser at the sale, as the mortgage had not been filed. (*Porter* v. *Parmley*, 52 N. Y. 185; *Tremaine* v. *Mortimer*, 128 id. 1.) The court substantially so charged the jury, and submitted to them the question whether or not, in view of the circumstances attending the sale, and what occurred there, if so announced by the sheriff, the sale was fairly understood to have been so qualified in that respect as to have been made subject to the plaintiffs' mortgage claim upon the property. I think the evidence permitted the conclusion that the sale, if made as of the right, title and interest of the debtor company, that it was descriptively so qualified as to have been made subject to such claim of the plaintiffs. This was a question for the jury; and, therefore, under the circumstances, the court could not, as a matter of law, properly hold that a sale so made of property, entitled the defendant to recover. The motion is denied."

Concurring in the views above expressed, we are of the opinion that the judgment and order appealed from should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order appealed from affirmed.