JOHN C. MEAD, Appellant, v. DANIEL P. MABERRY, Respondent.

Kansas City Court of Appeals, May 20, 1895.

1. **Fraudulent Conveyances**: RECOGNITION OF UNRECORDED MORTGAGE: STATUTE: PURCHASER. Under section 5176, Revised Statutes, 1889, an unrecorded chattel mortgage is invalid as to purchasers and creditors. even though they had notice of its existence; but, when a party buys property subject to such mortgage and in recognition thereof, he merely buys the equity of redemption therein, especially where he agrees to pay the mortgage as a part of the purchase price.

2. ———: ANY OTHER PERSON: CONSTRUCTION: STATUTE. In the above section, the words "any other person" should not be taken with too great literalness, since it is *held* that they do not apply to trespassers or wrongdoers, nor to the widow or heirs of the mortgagor.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Davis, Loomis & Davis* for appellant.

(1) The chattel mortgage of defendant is wholly void, as to plaintiff, although he had knowledge of its existence when he bought the mules, because the mortgage was not recorded for over five years after it was given, and four years after plaintiff bought the mules. R. S. 1889, sec. 5176; *Bryson v. Penix,* 18 Mo. 13; *Bevans v. Bolton,* 31 Mo. 437; *White v. Graves,* 68 Mo. 218; *Wilson v. Milligan,* 75 Mo. 41; *Collins v. Wilhoit,* 108 Mo. 451; *Selking v. Hebel,* 1 Mo. App. 341; *State ex rel. v. Sitlington,* 51 Mo. App. 252; 31 Pac. Rep. 1009–1014, and cases cited. (2) The verbal agreement by plaintiff, if true, as defendant contends, to assume and pay a chattel mortgage which is wholly void, as to plaintiff, because not recorded, and because the original mortgagor is released and the mortgage debt discharged does not create an equitable mortgage. There was no valid nor voidable mortgage to assume. *Martin v. Nixon,* 92 Mo. 26; *Blackburn v. Tweedie,* 60 Mo. 505. (3) No equitable doctrine can nullify or evade the plain mandatory provisions of the statutes; a mortgage which is wholly void for noncompliance with the statutory requirements can not be converted into an equitable mortgage. A verbal agreement for a mortgage can not be more potent than the written mortgage itself. No equitable doctrine can overcome the force of the statute law. *Hughes v. Menefee,* 29 Mo. App. 192; *Jewett & Co. v. Preist,* 34 Mo. App. 509.

*Joseph Barton* and *L. A. Chapman* for respondent.

(1) Section 5176 of Revised Statutes of Missouri of 1889, states that an unrecorded mortgage is void, only as to purchasers and creditors. It has no application to a case where a man buys from the mortgagor only the right to redeem, and assumes an outstanding unrecorded chattel mortgage, and agrees to pay the debt secured by it, as a part of the purchase price. By the agreement Mead made, he became a party to the mortgage. Any other construction would make the provisions of the section an instrument of fraud, instead of preventing fraud. Our law, as laid down in section 5176, is only a transcript of the Massachusetts act concerning fraudulent conveyances, and is a copy of a similar provision in the Massachusetts code. *Bryson v. Penix,* 18 Mo. 15; *Bevans v. Bolton,* 31 Mo. 444. We now call the attention of the court to some Massachusetts decisions in cases that are on "all fours" with this case. We claim that all that Mead got from Clifford was the right to redeem from the Maberry mortgage. *Howard v. Chase,* 104 Mass. 249; *Tuite v. Stevens,* 98 Mass. 305; *Green v. Kemp,* 13 Mass. 515; *Pecker v. Silsby,* 123 Mass. 108. Jones on Chattel Mortgages, pages 180, 181, section 210, where will be found a copy of the Massachusetts statute. *Eaton v. Tuson,* 13 N. E. Rep. 488, 145 Mass. 218. (2) We claim that the testimony in this case overwhelmingly and without dispute shows that Mead in the purchase of Clifford's interest in the mules bought subject to the mortgage held by the defendant, and we say the law is very clear that Mead is estopped from contesting the validity of defendant's debt and mortgage. Jones on Chattel Mortgages, sec. 487; *Kellogg v. Secord,* 42 Mich. 318. The Michigan statute is the same as our own, practically. Jones on Chattel Mortgages, sec.

494, p. 406; *Potter v. Bank*, 23 N. Y., supplement page 1079, Am. Digest, 1893, p. 698. The New York statute on this subject is the same as ours. *Bennett v. Robinson*, 19 Mo. 658; *Dwight v. Lumber Co.*, 36 N. W. Rep. (Mich.) 752; same in 69 Mich. 127; *Eaton v. Tuson*, 145 Mass. 218, 13 N. E. Rep. 488; *Gretter v. Alexander*, 15 Iowa, 470; 2 Cobby on Chattel Mortgages, sec. 1016, p. 1252; *Hathom v. Lewis*, 22 Ill. 398. (3) That there is nothing in the law or in the section 5176, that holds an unrecorded mortgage absolutely null and void, except as to the immediate parties to the same, as contended for by the appellant, is clear from repeated decisions in this state and elsewhere. 2 Cobby on Chattel Mortgages, sec. 997; *Denny v. Faulkner*, 22 Kan. 89; 2 Cobby on Chattel Mortgages, sec. 620, p. 821; *Dwight v. Lumber Co., supra; Hulsizer v. Opdyke*, 13 Atl. Rep. 669; 2 Cobby on Chattel Mortgages, sec. 618; 2 Cobby on Chattel Mortgages, sec. 613; *Johnson v. Jeffries*, 30 Mo. 422; *Sumner v. McKee*, 89 Ill. 127; *Hathom v. Lewis, supra.*

ELLISON, J.—Plaintiff instituted an action of replevin to recover the possession of two mules and lost his case in the circuit court. The facts necessary to state to an understanding of our decision are these:

In 1887, one Clifford was the owner of the mules and in that year gave to defendant a chattel mortgage on them to secure the payment of a note for about $114. The mortgage was not recorded until about five years thereafter, and the possession was left with Clifford. Nearly a year after executing the chattel mortgage to defendant and four years before it was recorded, Clifford sold them to plaintiff, who knew of the mortgage and who made his purchase subject to the mortgage, the amount of the mortgage being a part of the purchase price of the mules, plaintiff in

fact assuming the payment of the mortgage debt. The remainder of the purchase price, amounting to $40, was paid by plaintiff, by direction of Clifford, to one of Clifford's creditors. Plaintiff's contention here is that, notwithstanding he had notice of defendant's chattel mortgage, when he purchased the mules, the mortgage is void as to him, since he is no party to the mortgage. The statute on which plaintiff bases his contention is as follows:

"No mortgage or deed of trust of personal property, hereafter made, shall be valid against any other person than the parties thereto, unless possession of the mortgaged or trust property be delivered to and retained by the mortgagee or trustee, or *cestui que trust*, or unless the mortgage or deed of trust be acknowledged or proved and recorded in the county in which the mortgagor or grantor resides, in such manner as conveyances of lands are by law directed to be acknowledged or proved and recorded." R. S. 1889, sec. 5176.

If the fact, that plaintiff purchased with knowledge of the unrecorded mortgage, stood alone, we should readily answer that it was void as to him; since the rulings of the supreme court and each of the courts of appeals has been that, if the mortgage was not recorded, it was invalid as to purchasers and creditors, even though they had notice of its existence. *Bryson v. Penix*, 18 Mo. 13; *Bevans v. Bolton*, 31 Mo. 437; *Collins v. Wilhoit*, 35 Mo. App. 585; s. c., 108 Mo. 451; *Hughes v. Menefee*, 29 Mo. App. 192.

But there are additional facts here, which, in our opinion, wholly control the application of the statute. Those facts are that plaintiff purchased the property in recognition of the mortgage and not in antagonism to it. He agreed to pay the mortgage debt as part of

the consideration of his purchase of the mules. If he now be allowed to disavow the validity of the mortgage, he would repudiate his own obligation. When a party buys property subject to a mortgage, and in recognition of the mortgage he merely buys the equity of redemption in the property; especially is this so, where he agrees to pay the mortgage as a part of the purchase price. It is true that plaintiff is not a party to the mortgage, and the statute reads that the mortgage shall be invalid as to "any other person than the parties thereto." But there is nothing in the statute to hinder any person not a party to the mortgage from treating it as valid and contracting that, as to him, it shall be valid. Where is there anything in the enactment itself, or in the policy of the enactment, to prevent any one from contracting, on sufficient consideration, that an unrecorded mortgage shall be considered by him as a valid incumbrance? The statute makes the mortgage invalid as to any purchaser, even though he knows of it, if such purchaser wishes to ignore the mortgage, but the statute does not *compel* such purchaser to ignore it. The words, "any other person," must not be taken with too great literalness. It has been held in this state that they do not apply to trespassers or wrongdoers. *Johnson v. Jeffries*, 30 Mo. 423. So the widow or heir of the mortgagor has been held not to be a "third person," who could claim the mortgage to be invalid. *Summer v. McKee*, 89 Ill. 127.

The statutes of Massachusetts and New York are, in the respect here considered, like our own. In each of these states, the exact question involved here has been decided as we here decide. *Howard v. Chase*, 104 Mass. 249; *Tuite v. Stevens*, 98 Mass. 305; *Pecker v. Silsby*, 123 Mass. 108; *Eaton v. Tuson*, 145 Mass. 218; *Potter v. Trader's Bank*, 23 N. Y. Supplement,

1079; *Porter v. Parmley*, 52 N. Y. 185; *Horton v. Davis*, 26 N. Y. 497.

Though the Michigan statute contains a qualification of good faith, on the part of the subsequent purchaser, not found in ours, yet the inclination of the supreme court on a question like the one at bar, is clearly seen from the cases of *Kellogg v. Secord*, 42 Mich. 318; and *Dwight v. Lumber Co.*, 69 Mich. 127.

It is apparent from the foregoing that we think the authorities cited by plaintiff not applicable to the facts of this case and that, therefore, the court did not err in refusing plaintiff's instructions. There was evidence tending to support the view advanced by defendant as to what plaintiff's contract was concerning his purchase from Clifford and we affirm the judgment. All concur.