## CHARLES A. RIEHL, Appellant, v. NOEL & TITTS-WORTH, Respondents.

### Kansas City Court of Appeals, May 6, 1901.

Chattel Mortgages: ACKNOWLEDGMENTS: PROOF BY TWO WITNESSES: SATISFACTORILY IDENTIFIED. Where the party making the acknowledgment is not known to the notary, he must prove his identity by at least two witnesses whose names and residences must be inserted in the notary's certificate, and a certificate certifying that the party was satisfactorily identified is fatally defective and the mortgage is invalid as to subsequent purchasers.

Riehl v. Noel & Tittsworth.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,*
Judge.

AFFIRMED.

*Holmes & Perry* for appellant.

(1)   It is claimed by defendants that the certificate of acknowledgment is insufficient to make the record of the chattel mortgage any notice to the defendants.   The words "satisfactorily identified" are stamped with a rubber stamp diagonally across the word "known" in the acknowledgment as above shown.   It is sufficient.   Huse v. Ames, 104 Mo. 91, 102; R. S. 1899, sec. 913; Warder v. Henry, 117 Mo. 530, 538; Wilson v. Quigley, 107 Mo. 98; Hughes v. McDivitt, 102 Mo. 77, 80, 82; Hunt v. Shackleford, 56 Miss. 397, 398, 399.

*W. B. Teasdale, Clarence S. Palmer* and *Fred. H. Wood* for respondents.

(1)   We submit that the mortgage ought not to have been received in evidence because of the defective acknowledgment.   R. S. 1899, sec. 913; Gage v. Wheeler, 129 Ill. 197; Davidson v. Wallingford, 88 Tex. 619; McKie v. Anderson, 78 Tex. 207; Shepherd v. Carrial, 19 Ill. 313; State to use v. Meyer, 2 Mo. App. 422; State ex rel. v. Plass, 58 Mo. App. 151; State ex rel. v. Balmer, 77 Mo. App. 463.

ELLISON, J.—This is an action for the conversion of sixty head of cattle.   The judgment in the trial court was for defendants.

Plaintiff's title is based upon a chattel mortgage, and the validity of the mortgage, as against every one but the parties

thereto, depends upon the acknowledgment made by the mortgagor. The statute governing the acknowledgment is as follows: "The certificate of acknowledgment shall state the act of acknowledgment, and that the person making the same was personally known to at least one judge of the court, or to the officer granting the certificate, to be the person whose name is subscribed to the instrument, as a party thereto, or was proved to be such by at least two witnesses, whose names and place of residence shall be inserted in the certificate * * *."

The acknowledgment in controversy is as follows:

"State of Missouri, County of Jackson, ss.

"On the fifth day of May, 1897, before me, a notary public in and for the county and State aforesaid, personally appeared T. A. Hudson . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . , *known to me to be the person described in, and whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same as his free act and deed, for the purposes and considerations herein expressed.

"In testimony whereof I have hereunto set my hand and affixed my official seal the day and year first above written.
(Seal).                    HERMAN E. SUDERMAN.
"My commission expires May 1, 1898.

The objection made is that the notary has used the words "Satisfactorily identified" instead of "known." This was done by stamping the printed words "satisfactorily identified" across the word "known" in the printed blank acknowledgment on the back of the mortgage. The certificate is thus made to read that T. A. Hudson was satisfactorily identified to the notary to be the person who signed the instrument. Defend-

---

*In the original, the words "satisfactorily identified" were stamped diagonally across the word "known."

ant insists that if the notary could not certify that Hudson was known to him, he should have proved his identity by two witnesses, including their names and residences in the certificate.

The plaintiff, while conceding the certificate to be somewhat irregular, claims that it is a substantial compliance with the statute, and that that is all which the statute aforesaid requires. He cites in support of this position the cases of Warder v. Henry, 117 Mo. 530; Wilson v. Quigley, 107 Mo. 98; Hughes v. McDivitt, 102 Mo. 77; Robson v. Thomas, 55 Mo. 581, and Alexander v. Merry, 9 Mo. 514. These authorities do assert that a substantial compliance is sufficient. Thus, though the statute requires the notary to state in the certificate that the person whose acknowledgment he takes was *personally* known, it will suffice if he omits the word "personally." And though where a statute concerning the acknowledgment of the president of a corporation required the officer to certify that the party acknowledging was personally known to him, the words that such party *"personally appeared"* included necessarily that he was personally known. We are of the opinion that those cases do not meet the difficulty found in the certificate in question. The statute requires the certificate to state that the party acknowledged the deed and that he was known to the officer to be the party whose name is signed to it. In other words, the statute requires that the officer taking the acknowledgment shall know the party making the acknowledgment and that that party signed it. In all the cases cited by plaintiff it will be found that the certificate covered both these requisites.

The certificate in question clearly does not do so. The officer does not certify that Hudson was known to him to be the person whose name is signed to the mortgage. He certifies that he was satisfactorily identified as the person whose name is signed. Now, the statute provides a certain and defi-

nite mode of identification in cases where the officer has not personal knowledge. It requires the officer to take the evidence of two witnesses, giving their names and residences in the certificate. The officer can not substitute some mode of his own. He might be too easily satisfied as to identity. Suppose the notary here had certified that Hudson was satisfactorily identified by one witness. It would hardly have been contended that such certificate would answer. Yet it would be a better one than the one we have, for the unstated evidence of the identification in this certificate may have been of much less value or probative force than one witness. The officer must certify that he knows the party and take the consequence of a false certificate if he does not know him; or he must adopt the statutory mode of identification.

We, therefore, hold the acknowledgment to the mortgage to be insufficient; and since, to be effective against subsequent purchasers, it must be acknowledged and recorded (Mead v. Maberry, 62 Mo. App. 557), it results that plaintiff's action fails and the judgment will be affirmed. All concur.